## ROCHESTER AMERICAN INS. CO. v. THOMAS.

No. 24976. Sept. 10, 1935.

Rehearing Denied Nov. 19, 1935.

Rittenhouse, Webster & Rittenhouse, for plaintiff in error.

Mills & Cohen, for defendant in error.

RILEY, J. This is an appeal by defendant below from a judgment rendered against it and in favor of Lena J. Thomas in the sum of $600, representing the amount due on a policy of fire insurance. The defense interposed was that Lena J. Thomas did not have, as required by a clause and condition of the policy of insurance, an "unconditional and sole ownership" of the property insured and destroyed by fire. Lizzie Dickson intervened and became a party defendant below.

The property insured was a residence located in Avant, Osage county, Okla. H. C. Dickson had owned the property for 20 years. Dickson and his wife had lived in the residence and reared their family. In the year 1929, Mrs. Lizzie Dickson, the wife, moved to Ponca City. Mr. Dickson was then in ill health. In January, 1933, Mr. Dickson died. In the meantime he had lived with various children.

R. E. Havens is a lawyer and insurance agent who formerly lived at Avant. He was well acquainted with the Dicksons. On November 19, 1929, Havens, as agent for the defendant company, issued a fire insurance policy to H. C. Dickson covering by its terms the residence here involved. Later in 1929, H. C. Dickson, who had been living in the residence at Avant with his son-in-law, Lige Stephens, left to visit his daughter, Mrs. Albert Arnold, who lived in Kansas. He remained there a year.

On July 14, 1930, H. C. Dickson, subscribing himself as a single man, for a valuable consideration, executed and delivered to plaintiff below, Lena G. Thomas, a warranty deed to the residence property in Avant. The deed was forwarded to Havens with instruc-tions to have the same recorded and shown on an abstract of title to the property. Likewise there were instructions for an assignment from H. C. Dickson to Lena J. Thomas, of the insurance policy here involved. These instructions were obeyed. The abstract of title certified to July 25, 1930, shows the deed, and on July 26, Havens, representing the insurance company, approved the assignment of the fire insurance policy. Havens, by letter dated August 2, 1930, so advised Lena J. Thomas.

In August, 1930, Harry Johnson, as agent of plaintiff below, sought to rent the residence in Avant to Mrs. Lige Stephens, the occupant, but Mrs. Stephens advised that possession would be surrendered upon notice. Lige Stephens appears to have attorned to Thomas after destruction of the house by fire. (93, C. M.)

The house was totally destroyed by fire on September 25, 1930. On September 30th, the plaintiff, as record owner, communicated her claim for loss to Havens. The insurance company ·denied liability, not for lack of proof of loss, but upon the ground that plaintiff below was not the unconditional owner of the property.

Mrs. Lizzie Dickson defended on the ground that the property constituted her homestead; that she had not joined in the conveyance and knew nothing about the deed from her husband to Lena J. Thomas. She sought judgment against the insurance company for the loss covered by the insurance policy.

Lena J. Thomas, in her reply, pleaded that the insurance company was estopped to defend upon the ground that plaintiff had no insurable interest in the property for the reason that it had consented with knowledge of the facts to an assignment of the policy of insurance to plaintiff.

The principal assignment of error urged on appeal is that "Lena J. Thomas, the defendant in error, acquired no title or interest in or to the insured property, and was not the unconditional and sole owner thereof as provided by the policy, and, therefore, was not entitled to recover any judgment on the policy sued on."

At the time of the loss plaintiff was in constructive possession of the property, claiming title in fee simple under a warranty deed from H. C. Dickson, the prior record owner. If the property was not the homestead, or if it was the homestead until that right was asserted and adjudicated in a proper action, Lena J. Thomas' title was good as against the world. No action had

been brought to avoid the deed. Neither Mr. or Mrs. Dickson had resided on the property for more than a year prior to the execution of the deed. If plaintiff had any title, it was "sole" in the sense that it was absolute.

"'Sole owner' must mean that no one else has or owns an interest in the real estate." Garner v. Hawkeye Ins. Co. 69 Iowa, 202, 28 N. W. 555.

Even in view of an outstanding mortgage it has been held that ownership remains in the mortgagor; that while it "may be defeated upon the happening of certain conditions, but this cannot be said to make his ownership conditional." Hubbard & Spencer v. Hartford Fire Ins. Co., 33 Iowa, 325, 11 Am. Rep. 125.

The words "unconditional and sole", as applied to a fire policy, have been construed to mean that the interest must be completely vested in the assured, not contingent or conditional, nor for years or life, nor in common, but of such a nature that the insured must sustain the entire loss if the property is destroyed; and this is so whether the title is legal or equitable. Hartford Fire Ins. Co. v. Keating, 86 Md. 130, 38 Atl. 29, 63 Am. St. Rep. 499.

The stipulation that the interest of insured in the property insured is "unconditional and sole" ownership does not imply that the title is perfect. 26 C. J. 170, pp. 208, and 173; Globe & R. Fire Ins. Co. v. Creekmore, 69 Okla. 238, 171 P. 874.

The decision in the case of Mechanics & Traders Ins. Co. v. Local B. & L. Ass'n, 128 Okla. 71, 261 P. 170, dealt with a purported interest in insured which rested on a forged deed, adjudicated as such prior to action on the policy of insurance. Where the insured had nothing to lose by a fire, as in the cited case, he had nothing to insure. The converse of the statement is likewise true, and herein, as required by terms of the policy, the insured possessed the whole insurable interest as shown by the record title. This the insurance company knew, for the same was disclosed to the soliciting agent at the time the policy was assigned and its assignment approved. Under such circumstances this court has sustained an estoppel as pleaded. State Mut. Ins. Co. v. Green, 62 Okla. 214, 166 P. 105; Am. Ins. Co. v. Jueschre, 110 Okla. 250, 237 P. 584; United States Fire Ins. Co. v. Adams Merc. Co., 117 Okla. 73, 245 P. 885.

Therefore, notwithstanding the assumption of fact, that the property in question constituted the homestead of Mrs. Dickson, contained in the instructions dealing with the rule of estoppel, the instructions as a whole are correct, and the judgment is affirmed.

McNEILL, C. J., and WELCH, PHELPS, and GIBSON, JJ., concur.