## NORTHERN ASSUR. CO. et al. v. PAYNE.

No. 23953.    Sept. 10, 1935.

Rehearing Denied Oct. 8, 1935.

Rittenhouse, Webster & Rittenhouse, for plaintiffs in error.

McKeown & Green, for defendant in error.

OSBORN, V. C. J. W. D. Payne, hereinafter referred to as plaintiff, instituted four separate actions in the district court of Pontotoc county against the Northern Assurance Company of London, the American Central Insurance Company, Commercial Union Assurance Company, and the Phoenix Insurance Company, to recover losses sustained by a fire. Separate policies of insurance had been issued by each of the defendant companies covering certain portions of the property destroyed. The four cases were consolidated in the trial court and were tried to the court. From a judgment in favor of plaintiff, defendants appeal.

Plaintiff owned and operated a store near Ray City and lived in the back of the store building. On February 16, 1930, a fire occurred which destroyed the building, the stock of merchandise, the fixtures, and plaintiff's household effects.

The first proposition raised by defendants on appeal is that there was a failure on

the part of plaintiff to comply with the provisions of the policies commonly known as the "iron safe" or "book warranty" clause. This provision of the policies is as follows:

"Inventory-Iron Safe Clause: (Requirement to keep books and inventory). It is made a condition of this insurance: (1) That the insured under this policy shall take an inventory of the stock and other personal property hereby insured at least once every twelve months during the term of this policy, and unless such inventory has been taken within one year prior to the date of this policy, one shall be taken in detail within thirty (30) days thereafter; (2) that the insured shall keep a set of books showing a complete record of business transacted, including all purchases and sales both for cash and credit: (3) that the insured shall keep such books and inventory securely locked in a fireproof safe at night, and at all times when the store mentioned in the within policy is not actually open for business, or in some secure place not exposed to a fire which would destroy the building where such business is carried on; (4) that in case of loss the insured shall produce such books and last inventory."

The evidence shows that on the 7th and 8th days of January, 1930, plaintiff took an inventory of his stock of merchandise. He testified that he did not own an iron safe, but prior to the date of the fire he had removed the inventory from the building and had it in his automobile. There is no contention that the inventory which was produced and admitted in evidence was not a true and correct inventory as taken 41 days prior to the date of the fire. From the time of the taking of the inventory to the date of the fire plaintiff purchased various articles of merchandise, but the original invoices, together with plaintiff's cash book and record of accounts, were destroyed in the fire. Plaintiff was able to produce duplicate invoices for most of the merchandise purchased during said period of time, which were received in evidence. He testified, however, that he had purchased some goods during said period of time for which he did not have invoices, but the approximate value of such merchandise was about $200. Plaintiff was allowed by the trial court to estimate the approximate amount of his sales during the 41 days subsequent to the date of the inventory and testified to the approximate amount of money received on account.

It is not necessary to review the large number of authorities cited by the parties on this point, because the result reached in each case is largely dependent upon the facts involved. It is not necessary in this jurisdiction to show a literal compliance with the "iron safe" or "book warranty" clauses of the various policies in order to sustain a recovery thereon. Therefore we must determine whether or not the evidence shows a substantial compliance with said provisions of the policies. It is well settled that said clauses are complied with by the assured if the set of books kept by him are sufficient to enable a man of ordinary intelligence to ascertain from them with reasonable certainty the amount and value of goods destroyed. Springfield Fire & Marine Ins. Co. v. Halsey, 52 Okla. 469, 153 P. 145. It is also held that the purpose of an iron safe clause was accomplished when the insured had produced data from which the value of the merchandise in stock and fixtures at the time of the fire could be reasonably ascertained, and kept books showing the business transacted but failed to produce the same because said books had been destroyed by fire at a place where the insured had a right to keep them. It is also held under circumstances similar to those existing in this case that the insured has a right to establish his loss by any competent evidence. Dickey v. Springfield Fire & Marine Ins. Co., 56 Okla. 616, 156 P. 204. See, also, Hanover Fire Insurance Co. v. Eisman, 45 Okla. 639, 146 P. 214; Scottish Union & National Ins. Co. v. Moore Mill & Gin Co., 43 Okla. 370, 143 P. 12; Home Ins. Co. v. Ballard, 32 Okla. 723, 124 P. 316; Shawnee Fire Insurance Co. v. Thompson & Rowell, 30 Okla. 466, 119 P. 985; German American Ins. Co. v. Fuller, 26 Okla. 722, 110 P. 763; Malin v. Merc. etc., Ins. Co., 105 Mo. App. 625, 80 S. W. 56; 2 Cooley's Briefs on Law of Insurance, page 1825.

In the instant case, no complaint is made as to the correctness or sufficiency of the inventory furnished, which was taken 41 days prior to the fire. The original invoices of goods purchased subsequent to taking the inventory were destroyed, but plaintiff was able to furnish duplicate invoices for all such goods purchased except a small amount of farm produce which was purchased from wagons and which he was allowed to estimate. Since the sales records were likewise destroyed, plaintiff was allowed, by permission of the trial court, to estimate the amount of his sales during the 41 days subsequent to taking inventory. Under the facts in this case, the trial court did not err in admitting such testimony. Plaintiff's store was located in the country. His stock invoiced less than $3,500. He

testified that his cash receipts were a little over $25 per day for the days subsequent to the taking of inventory, and of this amount approximately one-half was cash received on account; that the sales from stock for cash for the 41 days was approximately $712.50; that the merchandise purchased and added to the stock for said period of time was $793.73. The owner and active manager of a place of business where the daily volume of business transacted is no greater than $25 per day should be thoroughly competent to give a fairly accurate estimate of the cash sales of stock for the period of time involved herein.

From the entire record we conclude that plaintiff furnished sufficient data from which the amount of goods in stock at the time of the fire could be reasonably ascertained, constituting a substantial compliance with the "iron safe" or "book warranty" clause. It may also be said that the record does not disclose that substantial prejudice resulted to any of the defendants by the failure of plaintiff to preserve a record of his cash sales for the period of time involved.

It is next urged by defendants that plaintiff cannot recover, for the reason that he was not the owner in fee of the ground upon which the building stood. Attention is directed to the provision contained in some of the policies to the effect that the policy shall be void, in the absence of an agreement endorsed upon the policy, if the subject of insurance be a building on ground not owned by the assured in fee simple. In this connection plaintiff testified that he informed the agent who wrote the policy that he was the lessee and not the owner of the land upon which the building was located. This testimony was not controverted. Thus we have a state of facts identical with the facts involved in the case of Westchester Fire Insurance Co. v. Federal National Bank, 135 Okla. 47, 273 P. 889, wherein it is said:

"The local agent of a fire insurance company, who has authority to solicit insurance, accept risks, countersign and deliver policies of insurance, has power to waive conditions of the policy, such as 'that the same shall be void if the subject of insurance be a building located on ground not owned by the insured in fee simple,' and where such agent at, and prior to the time of the issuance of the policy, has full knowledge that the building, the subject of insurance, is located on leased grounds, and with that knowledge accepts the premium and issues and delivers the policy, such policy is binding upon the company, and in a suit on the policy, it is estopped from setting up, as a defense, a breach of this condition."

Certain errors of computation of the amount or recovery have been confessed by plaintiff, and have been corrected by an amended journal entry entered nunc pro tunc, and the case-made has been corrected accordingly.

We find no reversible error in the record.

The judgment of the trial court is affirmed.

A motion for judgment on the supersedeas bond has been filed by plaintiff. Since there appears to be no good reason for the denial of said motion, judgment is accordingly rendered against the Northern Assurance Company of London, American Central Insurance Company, Commercial Union Assurance Company, and Phoenix Insurance Company of Hartford, principals on said bond, in the amounts found by the trial court in the amended journal entry to be due from each of said principals, and judgment against the Hartford Accident & Indemnity Company, surety on said supersedeas bond.

McNEILL, C. J., and BAYLESS, WELCH, and CORN, JJ., concur.