## HIGGINS et al. v. PHOENIX INS. CO.

No. 25617. Dec. 3, 1935.

Rehearing Denied Dec. 24, 1935.

M. L. Opperud and O. B. Martin, for plaintiff in error Harold Higgins.

Alton Shaw, for plaintiffs in error Krouch Brothers.

Rittenhouse, Webster & Rittenhouse, for defendant in error.

WELCH, J. In the trial court the plaintiffs, Harold Higgins et al., sued the defendant, Phoenix Insurance Company, a corporation, to recover on fire insurance policy for the loss by fire of an automobile.

At the conclusion of plaintiffs' evidence the trial court sustained defendant's demurrer to plaintiffs' evidence, and discharged the jury and rendered judgment for the defendant.

The plaintiffs on appeal urge error of the trial court in sustaining such demurrer to their evidence.

The controlling question concerns a certain mortgage lien upon the automobile and certain provisions of the insurance policy relative thereto. The insurance policy contained the recitation that the property was free from any such lien, and contained the usual provision preventing recovery on the policy in case of undisclosed liens.

It was the plaintiff's contention in the trial court, and here, that when he applied for and obtained the insurance, he fully advised the agent of the company as to the existence of the mortgage lien and the amount thereof.

It is well settled that the demurrer to the evidence admits the truth of all facts shown, together with all reasonable inferences that may be drawn therefrom.

The plaintiff testified that he stated to the agent, in the agent's office in the presence of the agent and certain employees, the facts in full detail as to the mortgage indebtedness. There is some conflict in the testimony as to which part of his conversation was had with the agent of the defendant, and which part or portion with an employee of the agent. It is the defendant's contention that whatever statements were made by the plaintiff were made to the employee or relative of the agent, and, therefore, not binding upon the company. Any such conflict in testimony could not be determined by the trial judge upon the demurrer, which, under our decisions, operates to admit the truth of plaintiffs' evidence, and to withdraw from the consideration such of the evidence as is favorable to the defendant.

Treating all of the plaintiff's evidence as admitted by demurrer, it is fairly shown that the plaintiff did state in the defendant's agent's presence, and to the agent, all of the details in reference to the mortgage lien.

The policy, as then issued by the defendant, should have recited the existence of the lien, which under this state of the record was known to the agent.

This knowledge of the agent must be imputed to the company, and the erroneous recitation in the policy that there was no mortgage lien cannot operate to bar plaintiffs' recovery under this state of the record. See Rochester American Ins. Co. v. Thomas, 173 Okla. 394, 54 P. (2d) 151, and Northern Assurance Co. v. Payne, 174 Okla. 151, 52 P. (2d) 70; also, State Mutual Insurance Co. v. Green, 62 Okla. 214, 166 P. 105, and the decisions there cited.

In its brief the defendant notices the conflicts in the testimony and points out the evidence of former fire losses by the plaintiff, and some discrepancies as to the amount of plaintiff's investment in the automobile. These items of evidence might have their

proper weight in directing the jury to the proper determination of the issues of fact, but cannot aid defendant in considering the question whether the trial court erred in sustaining defendant's demurrer to the evidence.

Under our settled rule we must conclude that the testimony and evidence of the plaintiff, when tested by demurrer, admitting its full truth, was wholly sufficient to establish plaintiff's right to recover, and that in view of the admissions accompanying the demurrer, the trial court erred in sustaining defendant's demurrer to the evidence.

Since the cause must be tried again we have refrained from any further detailed discussion of the testimony and evidence. The judgment is reversed, and the cause remanded, with directions to grant plaintiffs a new trial.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and CORN, JJ., concur.