**BLAYLOCK, Adm'x, v. MALERNEE.**

No. 28087.   Jan. 24, 1939.

Rehearing Denied July 11, 1939.

Allen G. Nichols, A. C. Kidd, and Gomer Smith (Nelson Rosen, of counsel), for plaintiff in error.

Billingsley & Kennerly and Hudson & Hudson, for defendant in error.

WELCH, V. C. J. This action was instituted in the district court of Seminole county by Leah Ellen Blaylock, administratrix of the estate of Sue Blaylock, deceased, as plaintiff, against D. B. Malernee, as defendant, to recover damages for pain and suffering, and wrongful death of Sue Blaylock, deceased, the four and one-half years old daughter of plaintiff. The trial court sustained a demurrer to the evidence of plaintiff, at the close of plaintiff's case, and from this judgment the plaintiff appeals. The parties will be referred to as they appeared in the trial court.

It is shown by the evidence that on the date of the injury the defendant was engaged in drilling an oil well. The well was situated in a low place. Gas had been encountered, and this gas had been escaping from the well and had settled down around it. This condition was known to the defendant. The defendant made no effort to warn persons present or persons approaching the premises of the presence of escaped and escaping gas.

It was further shown that it was the custom in the oil fields and in the conduct of drilling operations that when a well was making gas and the same was settling around and near the well, to put up warning signs around and about said well and to station guards around the same to warn the public and persons approaching the well of the danger of escaping gas.

The plaintiff, her husband, Mr. Blaylock, and their child, Sue, came upon the premises in the afternoon of the date of the injury and remained a short time and left. They returned shortly after dark that day. The defendant had asked Mr. Blaylock to help prepare certain lights and extension cords. He had finished the work that night and had lighted a cigarette and thrown the match to the ground when the gas ignited. The child was severely burned and died as a result of her burns. An employee of the defendant was smoking a cigarette nearby when Mr. Blaylock struck the match. Mr. Blaylock and the plaintiff testified that they had no knowledge of the presence of escaped or escaping gas.

In Higgins v. Phoenix Ins. Co., 175 Okla. 394, 52 P.2d 735, in the first and second paragraphs of the syllabus, the following rules were announced by this court:

"Defendant's demurrer to plaintiff's evidence admits the truth of all facts shown, as well as all reasonable inferences in favor of plaintiff which may be drawn from the evidence.

"When plaintiff's evidence, taken as true on demurrer, and all reasonable inferences that may be drawn therefrom in plaintiff's favor, show a right to recover, it is error to sustain defendant's demurrer to the evidence."

There is no direct testimony that the presence of the child upon the premises was known to the defendant. It is apparent that it was the view of the trial court that under the general rule the possessor of premises owes a trespasser no duty other than to refrain from willfully or wantonly injuring him; that plaintiff had no right to recover for the failure of defendant to give warning of the existence of the dangerous activity and condition on the premises.

That this child under five years of age was without capacity and incapable of guilt of more than technical trespass cannot be doubted. Phillips Petroleum Co. v. Matthesen, 171 Okla. 541, 44 P.2d 56. Our court has recognized that gross negligence is a foundation for a cause of action by one who is only a technical trespasser; and liability may accrue even if the presence of such technical trespasser is unknown when the presence of such trespasser should have reasonably been anticipated. See Magnolia Petroleum Co. v. Witcher, 141 Okla. 175, 284 P. 297. In the body of that opinion it was said:

"This court in the well-considered and exhaustive opinions in the case of C., R. I. & P. Ry. Co. v. Stone, 34 Okla. 364, 125 P. 1120, and City of Shawnee v. Cheek, 41

Okla. 227, 137 P. 724, has held that gross negligence is equivalent to and synonymous with a 'wanton act,' and that there is no material distinction between an act of commission and one of mere omission. Upon this point the late Justice Thacker, in the case of City of Shawnee v. Cheek, supra, after a careful analysis of the adjudications on the subject, made the following sound deductions:

"'A principle that appears to be deducible from much of the case law on the subject allowing recovery is that it is not only the duty of a landowner to a trespasser to not injure him intentionally or wantonly, but that an act or omission involving a reckless indifference to the safety of reasonably anticipated technical trespassers, such as children of tender years, although without intent to injure, may be wanton. * * *'"

In Phillips Petroleum Co. v. Matthesen, supra, in the body of the opinion, City of Shawnee v. Cheek, supra, is cited, and the rule restated:

"Among the earlier cases in this jurisdiction is City of Shawnee v. Cheek, 41 Okla. 227, 137 P. 724, 51 L. R. A. (N. S.) 672, Ann. Cas. 1915C, 290. The rule is announced in the second syllabus to be: 'A mere omission, although superficially characterized by mere thoughtlessness or heedlessness, but, in its deeper explanation, involving a reckless disregard for the safety of merely technical and reasonably anticipated trespassers, such as children of tender years, especially if unconscious trespassers, in respect to obviously and seriously dangerous artificial condition of premises, may amount to wantonness in a landowner.'"

According to the evidence, the well was located within 100 feet of a paved state highway, and a dirt road from the highway passed near the derrick. There were several persons, not employees, around the premises during the day. These facts, together with the existence of the custom to post warning and station guard to stay off premises when dangerous gas was present, all infer that the defendant knew of or should have reasonably anticipated the presence of technical trespassers on the premises.

Although no direct and unequivocal testimony was given to establish that the defendant had knowledge of the presence of the child, it is urged with much apparent merit that such facts and circumstances were shown that the jury could have properly found that the defendant did have knowledge of her presence and did acquiesce and impliedly consent to her presence, and thereby make her a licensee. But regardless of whether the plaintiff's evidence was sufficient to justify a finding that the child was a licensee, the proof conclusively shows that she could not have been more than a technical trespasser and that the defendant should have anticipated the presence of technical trespassers on the premises.

The rule is conceded that the dangerous character of natural gas is generally recognized and that those handling natural gas are required to exercise such a degree of care and caution as is commensurate with its known danger.

With plaintiff's evidence taken as true, together with all reasonable inferences that may be drawn from such evidence, it may be said that the defendant, with knowledge of the highly dangerous substance he was handling and in disregard of the safety or life of merely technical and reasonably anticipated trespassers, was negligent in failing to give any kind of warning or notice that there was such a dangerous condition existing on the premises. It was for the jury to say whether this was such gross negligence amounting to wantonness on the part of the defendant as to render him liable to the plaintiff under the rules above discussed.

The questions of proximate cause and contributory negligence discussed in plaintiff's proposition 3 did not enter into the trial court's consideration of the demurrer, and those questions merit no discussion here.

A right of recovery having been shown by plaintiff's evidence, under the general rule as stated in Higgins v. Phoenix Ins. Co., supra, the trial court erred in sustaining defendant's demurrer to the evidence.

The judgment is reversed and the cause remanded, with directions to grant plaintiff a new trial.

BAYLESS, C. J., and RILEY, OSBORN, CORN, HURST, and DAVISON, JJ., concur. GIBSON and DANNER, JJ., dissent.