## EUGENE WHITTINGTON & CO. v. UNIVERSAL INS. CO.

No. 29125.   April 30, 1940.

Rehearing Denied July 16, 1940.

104 P. 2d 425.

Twyford & Smith and William J. Crowe, all of Oklahoma City, for plaintiff in error.

Rittenhouse, Webster & Rittenhouse, of Oklahoma City, for defendant in error.

GIBSON, J. This is an action by a fire insurance agent against the principal to recover certain commissions on profits arising from policies written by the agent. Demurrer to plaintiff's evidence was sustained, and he appeals.

In addition to the regular agency contract existing between the plaintiff and defendant they entered into another written agreement under date of April 1, 1929, whereby it was agreed that plaintiff should receive a 10 per cent. commission each year on all profits accruing to defendant by reason of premiums collected from policies written by plaintiff, provided such premiums exceeded $25,000 per annum. Fire losses paid under policies and certain other expenses were to be deducted from the gross amount of premiums collected, and each year 50 per cent. of such premiums was to be held in reserve against future losses but to be accounted for at the end of the next year, thus leaving such 50 per cent. in reserve at all times.

The agreement contained a further provision that in event of termination of the agency no commission should be considered due until all existing policies expired and all losses settled. The agency remained in force for a period of four years and was then terminated by defendant pursuant to the terms of the agreement. At that time there were a number of policies in force and outstanding, and plaintiff was indebted to defendant for certain premiums theretofore collected. The last of these policies expired in 1937, some four years after the agreement was terminated.

Plaintiff charges that although the annual premiums never exceeded $25,000, the defendant settled for the commissions due at the expiration of each of the first three years during which the agreement was in operation, and also settled at the expiration of the fourth year, with the exception that the 50 per cent. aforesaid reserved for that year was not included and accounted for in that settlement. It is further charged that from the date of the termination of the agreement to the expiration of the policies as aforesaid defendant's net profit on business written by plaintiff, including the 50 per

cent. reserve allegedly held back at the end of the fourth year, amounted to $5,627.06, and that the plaintiff was entitled to judgment for 10 per cent. thereof, or $562.07.

Plaintiff's case is based on the theory that by oral agreement and action of the parties the clause providing for a commission only in event the annual premiums exceeded $25,000 had been eliminated from the agreement, and that pursuant to the agreement as so modified the defendant had paid all commissions due except the sum aforesaid.

Defendant stands upon the $25,000 minimum clause and insists that the same was not waived, and in addition pleads that at the time when the premiums for the fourth year were paid the parties had a complete settlement of their business affairs and that plaintiff was paid in full for all commissions to accrue between the termination of the agreement and the expiration of the policies above mentioned.

The evidence shows that the premiums collected through plaintiff's agency did not exceed $25,000 in any year. But there is evidence to the effect that defendant agreed to disregard the clause making commissions dependent upon annual premiums of $25,000, and that the parties at all times construed and acted upon the commission agreement as if said clause was not contained therein until the management of the defendant company changed. It appears that defendant paid the commission on the profits aforesaid for the first and fourth years notwithstanding the premiums failed to aggregate as much as $25,000. No commissions were paid for the second and third years merely because there were no profits realized from the business done by the plaintiff during those years. This evidence we gather from the plaintiff's testimony and from letters written by defendant and contained in the record.

The foregoing evidence was amply sufficient to show a modification of the commission agreement by subsequent construction placed thereon by the parties, if not by actual agreement.

With reference to defendant's allegation that the parties had reached a final settlement of their affairs in December, 1933, we find testimony of plaintiff to the effect that the premium commissions for the fourth year of the contract were settled, but that the 50 per cent. reserve and the profits accruing between the date of the termination of the agreement and the expiration of the policies as aforesaid were not taken into consideration.

On cross-examination of plaintiff, the defendant, over plaintiff's objection, introduced a letter written by defendant to its state agent in Oklahoma City suggesting that a final settlement be made with plaintiff. The letter was offered as a link in the proof of the settlement that allegedly took place. Plaintiff testified that the contents of the letter had never been brought to his attention, but admitted that certain figures appearing thereon were in his own hand. The letter was not addressed to plaintiff, and he objects to the same as a self-serving declaration.

In like manner a letter from plaintiff, allegedly received by defendant after the date of the above letter, was introduced wherein plaintiff suggested that in event of certain concessions of defendant he was willing to "call it a day."

These two letters were not sufficient, in the face of the plaintiff's testimony, to warrant a directed verdict on the issue. They may have been competent as links in a chain of circumstances to show final settlement, if properly connected up with other evidence. The former letter had at one time or other been in plaintiff's hands. Whether he knew the contents thereof and acted thereon were questions for the jury. We do not say, therefore, that these letters were not competent evidence on the issue of settlement, but we do say they did not constitute conclusive proof of the alleged settlement. The court erred in sustaining the demurrer to the evi-

dence. Davis v. Wallace, 169 Okla. 497, 37 P. 2d 602; National Benevolent Society v. Russell, 173 Okla. 331, 48 P. 2d 1047; Wallace, Adm'x, v. First Nat. Bank, etc., 167 Okla. 563, 31 P. 2d 135; Blaylock, Adm'x, v. Malernee, 185 Okla. 381, 92 P. 2d 357.

The judgment is reversed and the cause remanded, with directions to grant plaintiff a new trial.

BAYLESS, C. J., and OSBORN, HURST, and DAVISON, JJ., concur.