James D. **HOLLINGHEAD**, Appellant,

v.

The **CARTER OIL COMPANY**,
Appellee.

No. 15349.

United States Court of Appeals
Fifth Circuit.

May 4, 1955.

M. B. Montgomery, P. Z. Jones, Jackson, Miss., Franklin Evans, Butler, Ala., Barnett, Jones & Montgomery, Jackson, Miss., of counsel, for appellant.

P. H. Eager, Jr., Jackson, Miss., Forrest M. Darrough, Harry L. Arnold, Tulsa, Okl., Watkins & Eager, Jackson, Miss., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and CAMERON, Circuit Judges.

TUTTLE, Circuit Judge.

This is an appeal from a judgment of the trial court sustaining the defendant's motion for summary judgment in an action by appellant for the wrongful death of his fifteen year old son.

The facts are relatively simple, and we find that the trial judge correctly decided that there was no genuine issue of fact established by the pleadings and affidavits and the summary judgment was proper.

Plaintiff's son, Obie Hollinghead, a youth fifteen years of age, accompanied by his eight year old brother, was out hunting possums after dark on land leased by the appellee for its crude oil storage tanks; Obie was carrying a lighted acetylene lamp in his hand; the two boys came to the tank in question, which had a staircase up its side; there were no gates or fences and no chain across the stairs; nor were there any warning signs on the property; Obie mounted the stairs and presumably looked into the top of the partially filled tank, which exploded and caused his death. Appellee's foreman deposed that the hatch or opening in the top of the tank had been firmly closed and that it required considerable force and effort to open it against a strong spring. All of these facts were placed before the court in the form of affidavits which also showed that the owner of the land on which the tanks were placed made no objection to the presence of hunters or others who frequented the area; that the deceased had previously climbed the tank in the daytime and that this was known to appellee's employees.

This action was brought under the applicable Alabama statute.[1] It is,

---

1. Title 7, Alabama Code § 119:

   "When the death of a minor child is caused by the wrongful act, or omission, or negligence of any person or persons, or corporation, his or their servants or agents, the father, or the mother, in cases mentioned in the preceding section; or if the father and mother are both dead, or if they decline to bring the action or fail to do so within six months from the death of the minor, the personal representative of such minor may sue, and in any case shall recover such

of course, conceded that the law to be applied is the Alabama law. Under the Alabama cases it is clear that the "attractive nuisance" doctrine does not apply.[2] If, upon consideration of the affidavits submitted by the parties it was clear that no genuine issue of fact was presented, the trial court properly granted the motion for summary judgment.[3] The office of the motion for summary judgment is concisely stated by Judge Holmes, of this Court, in Creel v. Lone Star Defense Corporation, 171 F.2d 964, where at page 969 he said: "The intention of this rule is to put an end to useless and expensive litigation if there is no genuine issue as to any material fact."

Appellant seeks to make a jury issue as to negligence and as to the degree of care required of appellee under the circumstances. He relies strongly on the fact that the lands on which the tanks were built belonged to others who permitted deceased and others to roam at will over them and to hunt and fish on them. He seeks to draw from this, and the fact that there was open access to the tanks and no one had prohibited climbing the stairs previously, the conclusion that Obie was an invitee or licensee, but also contends that even if he were a mere trespasser there was a duty on the Carter Oil Company not wantonly to injure him.

■ The weakness of this argument is that there is no fact or circumstance which would permit a jury to infer that the act of Obie in climbing up the side of this tank at night and forcibly open-

ing the hatch and peering into with an open light in his hand, was anything more or less than the act of a trespasser. There is no contention by appellant that any servant of defendant ever knew of or authorized such an act. Obviously, therefore, there could be no implied invitation and there could be no license under any authority cited to us.

■ If, then, the boy was a trespasser at the time of his death, what is the standard of care that is required of the owner of the tank? This is not in dispute between the parties. The standard of care is set out in numerous cases cited by appellant. In all of them the Alabama Supreme Court has held that before a person can be held liable for wanton disregard of the safety of a trespasser, he must know of the peril and at least of the probability that someone is likely to suffer injury from it.[4]

■ Here, the proof was undisputed that the defendant had its tank properly and firmly closed. There was no proof that it knew that anyone had ever forcibly opened the hatch, much less that anyone had opened it, or conceivably would open it, with a lighted lamp in his hand. There then could be no basis for an inference to be drawn by a jury that, knowing of the peril, the Carter Oil Company had wantonly or callously failed to act for the protection of a person who placed himself in such peril so unexpectedly and suddenly that no one could have anticipated it.

The judgment is

Affirmed.

damages as the jury may assess; but a suit by any one of them for the wrongful death of the minor shall be a bar to another action, either under this section or under section 123 of this title."

2. Lovell v. Southern Ry. Co., 257 Ala. 561, 59 So.2d 807; Central of Ga. R. Co. v. Robins, 209 Ala. 6, 95 So. 367, 36 A.L.R. 10.

3. Barr v. Colorado Interstate Gas Co., 5 Cir., 217 F.2d 85.

4. Wunderlich v. Franklin, 5 Cir., 100 F. 164; Wilhite v. Webb, 253 Ala. 606, 46 So.2d 414; Birmingham Railway, Light & Power Co. v. Cockrum, 179 Ala. 372, 60 So. 304. See also discussion of wantonness by Chief Judge Hutcheson in Atlantic Coast Line R. Co. v. King, 5 Cir., 196 F.2d 999.