**Michael R. LOHRENZ and Regina "Jeannie" Lohrenz, individually and as parents and next friends of Justin Michael Lohrenz, Appellants,**

v.

**Richard Ray LANE, L.J. Flippin and Ted Fry, Appellees.**

No. 64618.

Supreme Court of Oklahoma.

Feb. 27, 1990.

Briggs, Patterson, Eaton & Berg by Dale J. Briggs, Tulsa, for appellants.

Gibbon, Gladd & Associates by Richard D. Gibbon and Thomas E. Baker, Tulsa, for appellees.

LAVENDER, Justice:

During the early part of 1982 Appellants (Lohrenzes) moved into a trailer house on a small lot in a rural area near Broken Arrow, Oklahoma. In April of the same year Appellee Lane acquired a fifteen acre tract of land to the south of and adjoining the property rented by Appellants. On the northwest corner of the Lane property there was a low-lying area containing a spring. In June, 1982, Appellee Lane hired a contractor to improve upon the low-lying area by clearing out debris and constructing an enlarged earthen dam. The resulting pond was located about one hundred fifty feet from Appellants' trailer house. The pond was used for watering purposes by the horses and ducks which Appellee Lane kept on his fifteen acres.

Late on the afternoon of October 31, 1982, Appellants returned to their home after eating at a local cafeteria. Appellant Jeannie Lohrenz and her eleven year old sister went into the house while Appellant Michael Lohrenz remained in the yard. Two year old Justin Lohrenz was last noticed following his mother and aunt up the stairs to the entrance of the trailer house. After it became apparent that Justin had not come into the trailer house, a search was initiated to find him. Justin was found floating in two feet of water in the above described pond. He survived, but suffered profound injuries as a result of oxygen deprivation from the near drowning.

Appellants initiated the present action against Appellee Lane, and also named as defendants their own landlord and the contractor who constructed the pond on Appellee Lane's property. Appellants sought the recovery of damages stemming from Justin's injuries from these named defendants on negligence theories. We are concerned here only with the trial court's ruling granting summary judgment in favor of Appellee Lane. The trial court found that, under the facts presented, no cause of action existed as to Lane.[1] On appeal, "... this Court will uphold a ruling sustaining a Motion for Summary Judgment if the facts before the trial court present no genuine issues of material fact." [2]

It is apparent upon review of the materials presented to this court, that the controversy in the present case centered over whether the pond on Lane's property constituted an attractive nuisance. The trial court, relying on prior precedent from this Court,[3] ruled that no cause of action existed as against Appellee Lane. This ruling followed the holdings of the cited cases in that a pond, such as in question here, does not, as a matter of law, constitute an attractive nuisance in the absence of any inherent hidden danger. On appeal, Appellants argue that this Court should now abandon existing precedent in order to find that a cause of action exists against Appellee Lane.

I.

Appellants' first argument urges this Court to abandon its adherence to the common law principles governing the duty owed by a landowner to one coming on his property. Oklahoma has followed the common law rule that the duty is less to one on the property without permission, express or implied, then to one lawfully on the property. These distinctions were most recently expressed in *Sutherland v. Saint Francis Hospital, Inc.,*[4] and in *Woodis v. Oklahoma Gas and Electric Co.*[5] As noted in *Sutherland,* the common law status classifications which determine the degree

1. See *Oklahomans for Life, Inc. v. State Fair of Oklahoma, Inc.,* 634 P.2d 704 (Okla.1981) (grant of summary judgment which has effect of letting one party out of case is an appealable final judgment.)

2. *Weldon v. Seminole Mun. Hosp.,* 709 P.2d 1058, 1061 (Okla.1985).

3. *Atchison, T. & S.F. Ry. Co. v. Powers,* 206 Okl. 322, 243 P.2d 688 (1952); *City of Mangum v. Powell,* 196 Okl. 306, 165 P.2d 136 (1946).

4. 595 P.2d 780 (Okla.1979).

5. 704 P.2d 483 (Okla.1985).

of care due from the landowner have received statutory recognition.[6]

Appellants would have this Court adopt the position taken by the Supreme Court of California in *Rowland v. Christian*,[7] in which that court abandoned the classification concept of invitee, licensee and trespasser as determinative of a landowner's duty. *Rowland* held that the "proper" test is to decide whether an owner, in the management of his property, has acted as a reasonable man would in view of the probability of injury to others. While status may have a factual bearing on liability, it is not determinative of the duty owed.[8] Appellant argues that this is the modern view and that to follow the common law would be to maintain an "ancient and archaic citadel of class privilege" which is out of step with current trends of Tort Law.

We would first note that, during the time period since *Rowland*, several states[9] have followed California's lead in totally abandoning status classifications. However, in contrast, a number of courts which have *more recently* considered the issue, have expressed continued adherence to the common law principles of duty based on status as a proper balance between the rights of a landowner and those of the general public.[10] Still other jurisdictions have abandoned such distinctions only as between those *rightfully* on the landowners property, while retaining the status classification of trespasser as evoking a lower level of duty on the part of the landowner.[11]

There is no reason to consider, as Appellants urge, the abolition of the distinctions drawn between the status of those *lawfully* on the land of another, since our consideration of such a holding would not avail Appellants of any relief in this case. The materials presented to the trial court clearly establish that the child was on Appellee Lane's property against Lane's wishes and without an implied invitation, and there-

6. 76 O.S.1981 § 12.

7. 69 Cal.2d 108, 70 Cal.Rptr. 97, 443 P.2d 561 (1968).

8. *Rowland,* 69 Cal.2d at 118, 70 Cal.Rptr. at 104, 443 P.2d at 568.

9. *See Webb v. City of Sitka,* 561 P.2d 731 (Alaska 1977); *Mile High Fence Co. v. Radovich,* 175 Colo. 537, 489 P.2d 308 (1971); *Pickard v. City of Honolulu,* 51 Hawaii 134, 452 P.2d 445 (1969); *Cates v. Beauregard Elec. Coop.,* 328 So.2d 367 (La.1976); *Ouellette v. Blanchard,* 116 N.H. 552, 364 A.2d 631 (1976); *Basso v. Miller,* 40 N.Y.2d 233, 386 N.Y.S.2d 564, 352 N.E.2d 868 (1976); *Mariorenzi v. Joseph DiPonte, Inc.,* 114 R.I. 294, 333 A.2d 127 (1975). *See also Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959) (declining to apply licensee/invitee distinctions to admiralty law).

10. *See McMullan v. Butler,* 346 So.2d 950 (Ala. 1977); *Nicoletti v. Westcor, Inc.,* 131 Ariz. 140, 639 P.2d 330 (1982); *Bailey v. Pennington,* 406 A.2d 44 (Del.1979), app. dismd, 444 U.S. 1061, 100 S.Ct. 1000, 62 L.Ed.2d 744 (1980) (holding the propriety of a statutory scheme embodying the status classifications); *Huyck v. Hecla Mining Co.,* 101 Idaho 299, 612 P.2d 142 (1980); *Bowers v. Ottenad,* 240 Kan. 208, 729 P.2d 1103

(1986); *Murphy v. Baltimore Gas & Electric Co.,* 290 Md. 186, 428 A.2d 459 (1981); *Astleford v. Milner Enterprises,* 233 So.2d 524 (Miss.1970); *Steen v. Grenz,* 167 Mont. 279, 538 P.2d 16 (1975); *Buchanan v. Prickett & Son, Inc.,* 203 Neb. 684, 279 N.W.2d 855 (1979); *Caroff v. Liberty Lumber Co.,* 146 N.J.Super 353, 369 A.2d 983 (1977); *Andrews v. Taylor,* 34 N.C.App. 706, 239 S.E.2d 630 (1977); *Moore v. Denune & Pipic, Inc.,* 26 Ohio St.2d 125, 55 Ohio Ops.2d 237, 269 N.E.2d 599 (1971); *Taylor v. Baker,* 279 Or. 139, 566 P.2d 884 (1977); *Egede–Nissen v. Cyrstal Mountain, Inc.,* 93 Wash.2d 127, 606 P.2d 1214 (1980); *Yalowizer v. Husky Oil Co.,* 629 P.2d 465 (Wyo.1981). *See also* Landowner Liability–Injured Party Status, 22 A.L.R. 4th 294, 310 et seq.

11. *See Washington Metro. Area Transit Auth. v. Ward,* 433 A.2d 1072 (D.C.App.1981) (retreating from earlier case law abolishing all status distinctions); *Wood v. Camp,* 284 So.2d 691 (Fla. 1973) (treating all those invited on to property equally and distinguishing between invited and uninvited licensees.); *Poulin v. Colby College,* 402 A.2d 846 (Me.1979); *Mounsey v. Ellard,* 363 Mass. 693, 297 N.E.2d 43 (1973); *Peterson v. Balach,* 294 Minn. 161, 199 N.W.2d 639 (1972); *O'Leary v. Coenen,* 251 N.W.2d 746 (N.D.1977); *Ragnone v. Portland School Dist.,* 291 Or. 617, 633 P.2d 1287 (1981); *Hudson v. Gaitan,* 675 S.W.2d 699 (Tenn.1984); *Antoniewicz v. Reszcynski,* 70 Wis.2d 836, 236 N.W.2d 1 (1975).

fore, was a trespasser.[12]

■ Human nature being what it is, our natural tendency is to want to help ease the suffering of this small child and his parents. However, our classification principles have evolved over many years as a means of weighing the individual rights of a property owner against the rights of the public at large. As judges, we are accountable for interpreting the law according to precedent and sound public policy. We are not afforded the luxury of indulging in sympathetic tendencies at another's expense. At this time, we do not find support to depart from the common law principles governing the duty owed by a landowner to one upon his property without express or implied permission.

## II.

The second argument presented by Appellants is to urge this Court to reverse the position taken in the cases cited to the trial court [13] and to find that a pond could be an attractive nuisance. In Oklahoma, this doctrine of attractive nuisance requires a balancing of the interest of society in children, against the inherent right of a landowner or proprietor in the enjoyment of his property.[14] While the defendants would generally be under no duty to trespassers, other than to avoid willfully, wantonly or intentionally harming them, the attractive nuisance doctrine provides an exception to this rule. When children of tender age are injured as a result of their trespass, bringing them into contact with a dangerous condition on the premises, the attractive nuisance doctrine imposes a higher duty of care by the landowner.[15] Listed in

*Knowles v. Tripledee Drilling Co., Inc.*, are factors to be considered in determining whether this doctrine applies.[16] Generally, such issues must be submitted to a jury.

■ However, the key to the present case is that no question exists as to whether the doctrine applies since, by law it does not. "A pond of water, whether natural or artificial, is not an "attractive nuisance" i[n] absence of any hidden, inherent dangers." [17] No evidence of any hidden danger was presented to the trial court.

Appellants ask us to now overrule existing precedent and hold that a pond falls under the attractive nuisance doctrine. We find no support for this. While it is reasonable to impose on landowners a higher duty of care if the doctrine applies in order to achieve a reasonable balance between competing societal interests, it is not reasonable to impose on a landowner the burden of eliminating *all* possible sources of injury which may exist on his property. We decline today, to impose such a burden on landowners.

Appellants also argue that the cases apparently relied upon by the trial court are no longer viable because the California case,[18] cited as the source in many of those cases for the rule of law that a natural appearing pond could not be an attractive nuisance, has been specifically overruled by a later California case.[19] We find this argument unpersuasive. We adhere instead to cases from Oklahoma and elsewhere

---

**12.** *See City of Grandfield v. Hammonds,* 100 Okl. 75, 227 P. 140 (1924). Even though the child was only technically trespassing, "[t]he infancy of the party injured does not change the situation." *Id.* at 77, 227 P. at 142. We held that the landowner's duty does not differ when the entrant upon the land is an infant.

**13.** Supra, note 3.

**14.** *Knowles v. Tripledee Drilling Co., Inc.,* 771 P.2d 208, 209–210 (Okla.1989).

**15.** *City of Shawnee v. Cheek,* 41 Okl. 227, 137 P. 724 (1913).

**16.** *Knowles,* 771 P.2d at 210.

**17.** *Dennis v. Spillers,* 199 Okl. 311, 185 P.2d 465 (1947).

**18.** *Peters v. Bowman,* 115 Cal. 345, 47 P. 113 (1896).

**19.** *King v. Lennen,* 53 Cal.2d 340, 1 Cal.Rptr. 665, 348 P.2d 98 (1959).

which have held the doctrine of attractive nuisance does not apply to a pond or other body of water having *natural* characteristics and no hidden dangers.[20]

■ We also find no merit to Appellants assertion that certain building codes adopted in Wagoner County, where the accident occurred, which require the fencing of swimming pools, should be read to impose a duty to fence any analogous body of water. A clear distinction can be drawn between the dangers of a steep-sided swimming pool, normally associated and in close conjunction with a residence, and a pond such as involved in the present case, located in a rural area and serving as a water source for livestock.

### III.

Appellants' final argument is that there exists evidence of wanton conduct on the part of Appellee Lane which should be submitted to the jury. The evidence of wantonness which Appellants cite, is that Lane maintained the pond on his premises with knowledge that children, and in particular the infant Justin, lived in the area and were known to trespass, that the fence around Lane's property was in disrepair and that there existed an open space between two sections of fence.

■ As previously stated, a landowner owes the trespasser a duty from committing a willful, wanton or intentional harm. In "well-considered and exhaustive opinions" this court has held that a wanton act is "equivalent to and synonymous with" gross negligence.[21] "A principle that appears to be deducible from much of the case law ... is that ... an act or omission involving a reckless indifference to the safety of reasonably anticipated technical trespassers, such as children of tender years, although without intent to injure, may be wanton." [22] Appellants argue that Appellee Lane's actions would give rise to wantonness.

However, this court in *City of Mangum v. Powell* [23] stated that:

A body of water—either standing, as in ponds and lakes, or running, as in rivers and creeks, or ebbing and flowing, as on the shores of seas and bays—is a natural object incident to all countries which are not deserts. Such a body of water may be found in or close to nearly every city or town in the land; the danger of drowning in it *is an apparent open danger, the knowledge of which is common to all;* and there is no just view consistent with recognized rights of property owners which would compel one owning land upon which such water, or part of it, stands and flows, to fill it up, *or surround it with an impenetrable wall.*[24]

Under these facts, Appellee Lane was under no duty to fence out his neighbor's child. Therefore, the condition of the fence was neither relevant to nor conclusive of any wanton act. We affirm the summary judgment in that, no such evidence, as presented in this case, was sufficient to raise a question of wantonness.

### IV.

This was a tragic accident and Appellants have suffered a bitter loss in the well-being of their child. However, it *was* an accident. Just as we can not fault par-

**20.** In addition to previously cited Oklahoma cases, *see e.g., Kinya v. Lifter, Inc.,* 489 So.2d 92 (Fla.Ct.App.1986); *Cope v. Doe,* 102 Ill.2d 278, 80 Ill.Dec. 40, 464 N.E.2d 1023 (1984); *Humphries v. T.L. James & Co.,* 468 So.2d 819 (La. App. 1st Cir.1985); *Limberhand v. Big Ditch Co.,* 218 Mont. 132, 706 P.2d 491 (1985); *Metropolitan Gov't of Nashville and Davidson County v. Counts,* 541 S.W.2d 133 (Tenn.1976); *Ochampaugh v. City of Seattle,* 91 Wash.2d 514, 588 P.2d 1351 (1979).

**21.** *Blaylock v. Malernee,* 185 Okl. 381, 382–383, 92 P.2d 357, 358 (1939).

**22.** *Id.* at 383, 92 P.2d at 358.

**23.** 196 Okl. 306, 165 P.2d 136 (1946).

**24.** *City of Mangum,* 196 Okl. at 308, 165 P.2d at 137. (emphasis added).

ents, in preventing a small active child from briefly escaping supervision, neither can we impose liability on an adjoining landowner whose property did no more than furnish a condition, open and obvious and without hidden danger, which made the injury possible. The judgment of the trial court is *AFFIRMED*. Appellees request for attorney's fees is denied for want of statutory authority.

All the Justices concur.