James T. CLARK, Plaintiff–Appellant,

v.

R.E.L. PRODUCTS, INC., a corporation, Defendant–Appellee.

No. 91–3263.

United States Court of Appeals, Tenth Circuit.

Aug. 10, 1992.

Paul D. Post, Topeka, Kan., for plaintiff-appellant.

David R. Buchanan, Brown & James, P.C., Kansas City, Mo., for defendant-appellee.

Before LOGAN, EBEL, and KELLY, Circuit Judges.

PAUL KELLY, JR., Circuit Judge.

In this diversity products liability action, Plaintiff appeals from a judgment granting Defendant's motion for a directed verdict at the close of all evidence in the jury trial. Plaintiff sought damages for personal injuries he claimed to have sustained as a result of a fall from a defective ladder manufactured and sold by Defendant. *Clark v. R.E.L. Prods., Inc.,* 772 F.Supp. 1181 (D.Kan.1991). The district court found that the evidence failed to support submission of the case to the jury. We disagree.[1]

In our review of a directed verdict, we apply the same standard applied by the district court: whether the evidence, viewed in the light most favorable to the nonmoving party, presents a disagreement sufficient to mandate submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986); *Mason v. Texaco, Inc.,* 948 F.2d 1546, 1554 (10th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 1941, 118 L.Ed.2d 547 (1992).

The record reflects that Plaintiff introduced evidence that (1) the ladder's side rails did not meet American National Standards Institute (ANSI) standards, (2) decay was present at or near the location of the break when Plaintiff first received the ladder and removed it from the box, and (3) the ladder was manufactured and sold by

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

**318**

Defendant in 1988, and Plaintiff received it in February or March of 1988. Defendant's expert wood technologist found evidence of decay at or near the place where the ladder broke. Defendant's experts testified the ladder side rails did meet ANSI standards.

Plaintiff testified that he fell from the ladder when a rung he stood on broke, leaving the ladder leaning against the wall at an angle. Defendant's experts disputed Plaintiff's version of the accident. "[A]lthough plaintiff was the only person present at the scene of the accident, it was impermissible for purposes of a directed verdict motion to disregard his testimony as to how the accident occurred." *See Martin v. Unit Rig & Equip. Co.*, 715 F.2d 1434, 1440 (10th Cir.1983). Moreover, from the evidence that Plaintiff saw spots on the ladder, later identified as decay, when he first opened the box in which he received the ladder just a few months after the ladder left Defendant's possession or control, the jury reasonably could infer that the ladder was decayed when it left Defendant's possession or control. *See, e.g., City of Bainbridge v. Cox*, 83 Ga.App. 453, 64 S.E.2d 192, 195 (1951) ("It is a matter of common knowledge that the processes of decay in woods do not operate so rapidly that the decayed condition of the tree could have been materially altered by the processes of decay in a space of six or eight days."). We express no opinion on when or how the decay occurred or whether decay contributed to the accident; that is for the trier of fact to decide. Similarly, the ladder dimensions and how the accident occurred are also questions to be decided by the trier of fact.

Because we remand for a new trial, we need not address the district court's exclusion of Plaintiff's rebuttal expert witness testimony.

The judgment of the United States District Court for the District of Kansas is VACATED, and the action is REMANDED for a new trial.