991 F.2d 806
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Lavonna RADFORD, Personal Representative of the Estate of
Eddie R. Radford, Deceased, Plaintiff-Appellant,
v.
CHEVRON, U.S.A., INC., Defendant-Appellee.
 No. 92-7004.
 United States Court of Appeals, Tenth Circuit.
 April 20, 1993.
 
 Before SEYMOUR and ANDERSON, Circuit Judges, and RUSSELL,* District Judge.
 ORDER AND JUDGMENT**
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff, the mother and personal representative of decedent, commenced a wrongful death action against defendant for damages for decedent's death, which was caused by an explosion and fire at defendant's oil storage tank battery. Plaintiff alleged that defendant negligently maintained the oil storage battery and failed to warn the public of the dangers of the site. After three days of trial before a jury, the district court entered judgment for defendant as a matter of law pursuant to Fed.R.Civ.P. 50(a)(1). Plaintiff appealed, raising three grounds for reversal: (1) based on the evidence presented, the district court erred in ruling for defendant as a matter of law; (2) the district court erred in ruling the decedent was a trespasser on defendant's leasehold; and (3) even if the decedent was a trespasser, the district court erred in ruling defendant had not breached its duty of care to the decedent. We affirm.
 
 
 3
 Rule 50(a)(1) permits a district court to grant a motion for judgment as a matter of law "[i]f during a trial by jury a party has been fully heard with respect to an issue and there is no legally sufficient evidentiary basis for a reasonable jury to have found for that party with respect to that issue...."[1] Although this version of Rule 50(a), which became effective on December 1, 1991, abandons the directed verdict terminology previously used in the rule, it does not change the existing standard expressed in case law. Rule 50 advisory committee's note.
 
 
 4
 Thus, in reviewing the judgment as a matter of law, we apply the same standard applied by the district court, see Clark v. R.E.L. Prods., Inc., 972 F.2d 317, 317 (10th Cir.1992), and review de novo, see Pytlik v. Professional Resources, Ltd., 887 F.2d 1371, 1380 (10th Cir.1989). In doing so, we determine whether, viewing the evidence in the light most favorable to the nonmovant, the evidence and the inferences to be drawn from the evidence are so clear a reasonable mind could not differ on the conclusion. See id. A motion for judgment as a matter of law may be entered only when the evidence is so in favor of the moving party that a jury verdict in favor of the party opposing the motion would be improper. See id.
 
 
 5
 Plaintiff argues the district court erred in ruling for the defendant as a matter of law based on the evidence presented. Plaintiff submits that there were genuine issues of fact concerning defendant's creation of a dangerous condition of improper venting that should have been submitted to the jury. Furthermore, plaintiff maintains that defendant was aware of a potential danger to the public, yet failed to warn the public of the danger. Defendant counters that plaintiff must initially establish a duty owed by defendant to the decedent before the jury can be instructed on negligence. We agree.
 
 
 6
 The district court determined the decedent was a trespasser. Plaintiff argues this determination was in error. Nothing in the appendices indicates the decedent had permission of the land owner or defendant, the lease holder, to be on the property. Rather, the evidence showed that the decedent was on the property without an invitation and against defendant's wishes. See Lohrenz v. Lane, 787 P.2d 1274, 1276-77 (Okla.1990). Based on the evidence before us, we conclude that the district court correctly determined that plaintiff was a trespasser. Cf. Hollinghead v. Carter Oil Co., 221 F.2d 920, 922 (5th Cir.1955) (fifteen-year-old boy who climbed on oil storage tank, forcibly opened hatch, and peered in with open light was a trespasser).
 
 
 7
 Plaintiff maintains this court should abandon the status distinctions of trespasser, licensee, and invitee and adopt a standard of reasonableness under the circumstances. In a diversity case, this court follows the applicable state law. Salve Regina College v. Russell, 111 S.Ct. 1217, 1218 (1991). The Oklahoma Supreme Court has refused to depart from the common law classification scheme. Lohrenz, 787 P.2d at 1275-76; Woodis v. Oklahoma Gas & Elec. Co., 704 P.2d 483, 485 (Okla.1985). Accordingly, we refuse to depart from the classifications in this case.
 
 
 8
 Citing Woodis, 704 P.2d 483, plaintiff suggests that because there was testimony that the venting system did not meet recommended standards, the jury could have determined that defendant was per se negligent. In Woodis, the Oklahoma Supreme Court held that when an electric company fails to comply with a police power statute or regulation, the traditional rules regarding trespasser status do not apply and the issue becomes whether violation of the police power statute or the regulation was the proximate cause of the injuries. Id. at 487. The case, however, recognizes a distinction between a negligence claim of a trespasser against an ordinary land possessor and a negligence claim by a trespasser against a land owner and operator who violates a police power safety statute or regulation. See id.; cf. Daniel v. Oklahoma Gas & Elec. Co., 329 P.2d 1060, 1062 (Okla.1958) (care and duty demanded of property owner commensurate with danger). Because, in this case, there is no actual safety statute or regulation at issue and plaintiff describes the venting standards as recommended, the traditional classification rules apply.
 
 
 9
 Plaintiff argues that even if the decedent was a trespasser, the district court erred in ruling as a matter of law that defendant did not breach its duty of care to the decedent. A landowner owes a trespasser a duty not to injure the trespasser willfully, wantonly, or intentionally. Lohrenz, 787 P.2d at 1278. There is an exception to this duty when the presence of the trespasser is known or should reasonably have been anticipated. Oklahoma Biltmore, Inc. v. Williams, 79 P.2d 202, 205 (Okla.1938). There is, however, no legal obligation on the defendant to anticipate that a trespasser will assume a position of peril. Id. at 206.
 
 
 10
 Wanton acts and grossly negligent acts are synonymous. Lohrenz, 787 P.2d at 1278. Acts or omissions involving reckless indifference to the safety of reasonably anticipated trespassers, although without intent to injure, may be wanton. Id. "The existence of a high degree of likelihood that substantial harm will result is an essential ingredient of wanton and reckless conduct." Foster v. Emery, 495 P.2d 390, 393 (Okla.1972).
 
 
 11
 The evidence in this case failed to establish that defendant wantonly failed to protect decedent who disregarded his own safety and who placed himself in unexpected and sudden peril. See Hollinghead, 221 F.2d at 922; Kaw City v. Johnson, 209 P.2d 699, 702 (Okla.1949). No evidence indicated defendant should reasonably have anticipated a trespasser on the property. Rather, the evidence indicated that no one other than employees had been on the property. Defendant's no smoking sign should have been sufficient to alert decedent of any danger.
 
 
 12
 Plaintiff complains that the district court improperly prevented her from presenting evidence that defendant's acts and omissions rose to a level of wantonness causing decedent's death. The district court refused to permit plaintiff's expert witness to testify that defendant's acts and omissions rose to the level of gross negligence and a reckless disregard for the public safety. The district court permitted only a question concerning whether the expert thought defendant was negligent.
 
 
 13
 "[T]he district court has broad discretion in determining whether or not to admit expert testimony, and we review a decision to admit or deny such testimony only for abuse of discretion." Orth v. Emerson Elec. Co., White-Rodgers Div., 980 F.2d 632, 637 (10th Cir.1992). Federal Rule of Evidence 704(a) permits an expert to present his opinion as to the ultimate issue to be decided by the trier of fact. A.E. ex rel. Evans v. Independent Sch. Dist. No. 25, 936 F.2d 472, 476 (10th Cir.1991); Karns v. Emerson Elec. Co., 817 F.2d 1452, 1459 (10th Cir.1987). All opinions, however, are not admissible. Specht v. Jensen, 853 F.2d 805, 807 (10th Cir.1988) (citing Rule 704 advisory notes), cert. denied, 488 U.S. 1008 (1989). An expert may not state legal conclusions drawn by applying law to the facts. A.E. ex rel. Evans, 936 F.2d at 476.
 
 
 14
 Plaintiff's expert witness would have testified to an impermissible legal conclusion. The district court, therefore, did not abuse its discretion in refusing to admit the testimony.
 
 
 15
 Because the district court correctly concluded that defendant did not breach its duty of care, the court correctly entered judgment for defendant as a matter of law. The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable David L. Russell, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The sufficiency of evidence to go to the jury is a matter of federal law in diversity cases. FDIC v. Palermo, 815 F.2d 1329, 1335 (10th Cir.1987)