O'DONNELL, *by Guardian, Appellant*, v. PATTON.

Division One, June 19, 1893.

117    13
88a  204

117    13
168  ²312

1. **Supreme Court Practice**: EVIDENCE: REVIEW OF INSTRUCTIONS. Where, in an action for personal injuries founded on defendant's negligence the record relative to the evidence only recites that it tended to support the cause of action stated in the petition as well as defendant's plea of contributory negligence, the supreme court will consider the correctness of the instructions only under such evidence as would have been admissible under the pleadings, according to the trial court the benefit of every presumption in favor of the correctness of its ruling.

2. **Negligence**: DANGEROUS PREMISES: DUTY OF OCCUPANT. One who expressly or by implication invites another onto his premises owes him the duty of keeping them in a reasonably safe condition or of giving warning of dangers thereon which are known to the occupant and unknown to the other party.

3. ———: ASSUMPTION OF DANGER: PRESUMPTION. Ordinarily where one knowingly places himself or his property in danger, the presumption arises that he *ipso facto* assumes all the risk to be reasonably apprehended from such a course of conduct; such presumption is, however, a disputable one and may be rebutted by evidence of the exercise of ordinary care under the circumstances.

O'Donnell v. Patton.

.4 ———: ———: CONTRIBUTORY NEGLIGENCE. Plaintiff entered onto defendant's premises to buy and haul away a load of shavings. The pile from which his load was to be taken was forty feet high, with a steep face partially undermined and was top-heavy with ice.' He was aware of its condition, and in loading his wagon negligently undermined it, causing it to fall upon and injure him. *Held*, that in the absence of any evidence rebutting plaintiff's foregoing contributory negligence, the court rightly instructed that it debarred him of the right of recovery.

*Appeal from Hannibal Court of Common Pleas.*—HON. THOMAS H. BACON, Judge.

AFFIRMED.

*D. H. Eby* for appellant.

(1) Instruction number 3 of defendant's series assumes that plaintiff did not exercise ordinary care, and is therefore erroneous. (2) Defendant's instruction number 5, is erroneous in authorizing a verdict against plaintiff, if the plaintiff merely knew of the condition of the pile of shavings, without reference to the question whether plaintiff subsequently exercised due care or not; and a similar vice characterizes defendant's instructions numbers 6 and 7 and 8, which is not removed by the fact that plaintiff's instructions were correct. The instructions as a whole were confusing and inconsistent, and permitted a verdict for defendant on incorrect theories of law and operated to the prejudice of plaintiff in the presentation of his case before the jury.

*Harrison & Mahan* for respondent.

(1) The case was submitted to the jury on correct principles of law. There is no error in the instructions. *Eisenberg v. Railroad*, 33 Mo. App. 90; *Carleton v. Iron Co.*, 99 Mass. 217. Appellant only complains of the instructions asked by and given for respondent. These

instructions are based upon the evidence and fairly present the law. *Mauerman v. Siemerts*, 71 Mo. 101; *Redell v. Berkey*, 43 N. W. Rep. 308; *Reardon, v. Thompson*, 21 N. E. Rep. 369. (2) George W. O'Donnell was guilty of contributory negligence; the jury so found, and the judgment should be affirmed. *Milburn v. Railroad*, 86 Mo. 104; *Powell v. Railroad*, 76 Mo. 80; *Dlauhi v. Railroad*, 105 Mo. 655; *Norton v. Ittner*, 56 Mo. 352; *Nagel v. Railroad*, 75 Mo. 653; *Wyath v. Railroad*, 55 Mo. 485; *Murray v. Railroad*, 101 Mo. 236.

MACFARLANE, J.—The suit is for damages for personal injuries sustained by plaintiff by reason of a pile of saw-dust and shavings falling upon him.

The petition charged that defendant owned and operated in the city of Hannibal a steam saw and planing mill, the saw-dust and shavings of which were negligently allowed to accumulate on his premises and under his care, control and management about "forty feet high, with a precipitous face and partially undermined and top-heavy from the accumulation of ice in the upper portion of said pile, and thereby dangerous to persons being near it; that on said eighth day of February, 1889, and for a long time prior thereto, defendant had offered said shavings and saw-dust constituting said pile for sale, and sold portions of the same by the wagon-load and otherwise to various persons, and had solicited any and all persons desiring to purchase shavings or saw-dust to get the same at and from said pile, which had frequently been done by numerous persons prior to, and up to, and including said eighth day of February, 1889, of all which the defendant had due notice; that on the day last aforesaid the said plaintiff drove up to said mill in a one-horse wagon and applied to William H. Hibbert, who was the agent, servant and employee of defendant, in charge and con-

O'Donnell v. Patton.

trol of said mill and said pile, for shavings and saw-dust, stating to said Hibbert that he, plaintiff, desired to purchase the same; that the said Hibbert, as such agent, servant and employee, sold to plaintiff two loads of shavings from said pile for the agreed price of twenty-five cents, and then and there carelessly and negligently pointed out said pile to plaintiff and carelessly, negligently and wrongfully told him, the said plaintiff, to go to the same and get said shavings; that plaintiff, being unaware of the said dangerous condition of said pile, immediately drove up to the same and proceeded to load his wagon with the shavings and saw-dust lying at the base of said pile, between the same and said wagon; and the said Hibbert, as such agent, servant and employee of said defendant as aforesaid, knowingly, carelessly, and negligently permitted and allowed plaintiff to go to and be at and near said pile as aforesaid; that while he was engaged in getting said shavings and saw-dust, and being in the exercise of due care and caution on his part, said pile, by reason of its condition as aforesaid, suddenly fell over onto and upon plaintiff, who was in his said wagon, thereby breaking, wounding and disabling one of his legs, and injuring him internally,'' and asked damage for $10,000.

Defendant, by answer, denied generally the allegations of the petition, and charged that whatever injuries plaintiff may have sustained, happened in consequence of and were occasioned solely by the want of due and proper care and watchfulness and attention on his part, while he was in and upon the grounds and premises of the defendant for his own purposes, and by reason of his failure to be watchful for his own safety; without any negligence or carelessness or want of due and proper care on the part of the defendant, his agents or servants thereto in anywise contributing. That plaintiff deliberately and of his own accord, and against the will

and notice and direction of the defendant and his servants, negligently and carelessly dug down and undermined a pile of shavings situated on the defendant's premises, at the place mentioned in the plaintiff's petition, causing the same to fall on him, and thereby and then causing such injuries as he may have sustained, he well knowing at the time the condition of said pile of shavings.

The abstract of the record shows that on the trial the "evidence in the case tended to support the cause of action stated in the petition, as well as defendant's plea of contributory negligence."

The court gave the jury two instructions at the request of the plaintiff and eight at request of defendant, and five on its own motion. The jury found a verdict for the defendant and plaintiff appealed.

Instructions three, five and six, given at request of defendant, are as follows:

"3. The court instructs the jury that by ordinary care is meant such care as would be ordinarily used by prudent persons under similar conditions and circumstances; and if the jury should believe from the evidence that the said Thomas W. O'Donnell might have avoided the accident and injury by the exercise of ordidary care under the circumstances, then the plaintiff cannot recover in this case, and the jury must find a verdict for defendant."

"5. If the jury believe from the evidence that the condition of the pile of shavings was known to Thomas W. O'Donnell, or could have been so known to him, by the exercise of ordinary care, then plaintiff cannot recover in this case and the jury are instructed to find for defendant.

"6. The court instructs the jury, that if they find from the evidence that Thomas W. O'Donnell came

upon defendant's premises to buy shavings, and for the purpose of obtaining such shavings, of his own accord, without the use of ordinary care, dug down and undermined a pile of shavings situated on said premises, and by such act caused the same to fall upon him, thereby causing the injury complained of, the plaintiff cannot recover in this case and the jury will find a verdict for defendant."

The only errors assigned are in giving these insructions.

I. The record, as presented under the abstract furnished by appellant, does not give the evidence in full or in an abbreviated form, but states that it "tended to support the cause of action stated in the petition, as well as of defendant's plea of contributory negligence." This method is authorized under rule six governing the practice in this court, though it contemplates a more specific statement of the fact or facts the evidence tends to prove. Stated in this general form we must assume that the evidence tended to prove every material fact that could have been proved under the charges contained in the petition, and in the plea of contributory negligence, and nothing more.

The pleadings and instructions are set out in full and we can only consider, under the practice adopted by appellant, the correctness of the instructions under such evidence as would have been admissible under the petition and said plea, giving to the action of the trial court every presumption favorable to the correctness of its rulings. *Blair v. Railroad*, 89 Mo. 395; *State ex rel. v. Mead*, 71 Mo. 272; *Huxley v. Harrold*, 62 Mo. 523.

II. The premises in the occupancy and under the control of defendant were used by him as a place for the transaction of his business, and plaintiff entered thereon as a customer under an implied, if not an

express, invitation to do so. Under these circumstances, plaintiff owed to defendant the duty of the exercise of reasonable care to keep his premises in a condition reasonably safe for the use of plaintiff in the transaction of the business in which he was engaged under such invitation, or to warn him of dangers known to him and unknown to plaintiff.

The duty and liability of the proprietor of business premises to his customers in such cases are stated by Justice Gray in a Massachusetts case as follows: "The owner or occupant of land is liable in damages to those coming to it, using due care, at his invitation or inducement, express or implied, on any business to be transacted with or permitted by him, for an injury occasioned by the unsafe condition of the land or of the access to it, which is known to him and not to them, and which he has negligently suffered to exist and has given them no notice of." *Carleton v. Iron & Steel Co.*, 99 Mass. 216; see also *Welch v. McAllister*, 15 Mo. App. 492; for a review of the authorities, Beach on Contributory Negligence, sec. 51.

The rule is given by the supreme court of Michigan as follows: "The occupier of premises, no doubt, is bound as to the persons thereon, by his express or implied invitation, to keep the same free from, or give a warning of, danger known to him and unknown to the visitor." *Caniff v. Navigation Co.*, 66 Mich. 638.

The court, at the request of the plaintiff, and on its own motion, instructed the jury in respect to the duty of plaintiff in accordance with these principles, and to those instructions no objection is made. It is insisted, however, that the instructions complained of are inconsistent with those given and do not correctly state the law of contributory negligence under the facts proved.

O'Donnell v. Patton.

III. The contention is that, though plaintiff knew, or by the exercise of ordinary care might have known, of the dangerous condition of the pile of shavings, still, if at the time of the disaster he was in the exercise of due care, he was entitled to recover, notwithstanding such knowledge or opportunity for knowing.

The general and well established rule is, that where one knowingly puts himself or his property in danger there is a presumption that he, *ipso facto*, assumes all the risks reasonably to be apprehended from such a course of conduct. Beach on Contributory Negligence, sec. 37, and notes. It is said by the same author in that connection: "When knowledge is fastened upon the plaintiff, it is presumptive evidence of contributory negligence; but it is a disputable presumption and may be rebutted by proper evidence of the exercise of ordinary care under the circumstances."

Applying this qualification of the rule, it has been held by this court in case of injury from defective street or sidewalk that plaintiff's knowledge of its defective and dangerous condition will not preclude a recovery, if it be shown that, at the time of his injury, he was exercising due care. *Smith v. St. Joseph*, 45 Mo. 449; *Loewer v. Sedalia*, 77 Mo. 446.

It has also been held, enlarging somewhat the qualification, that in the absence of any proof that a party injured by the negligence of another, was himself negligent, the presumption of law will be that he was in the exercise of due care, notwithstanding his knowledge of the existence of the nuisance by means of which his injury was produced. *Buesching v. Gaslight Co.*, 73 Mo. 232.

This presumption of due care has also been applied in favor of one injured on a public crossing of

a railroad (*Petty v. Railroad*, 88 Mo. 320), and of an employee of a railroad when injured while in the discharge of his duties to his employer (*Parsons v. Railroad*, 94 Mo. 294), notwithstanding knowledge in each case of the dangers involved.

Plaintiff, invoking the presumption of due care in his behalf, insists that he was not guilty of negligence in law in undertaking to load his wagon from the pile of shavings, though at the time he knew its dangerous condition. We need not stop here to inquire whether, knowing the dangers, plaintiff was *prima facie* negligent in undertaking to load his wagon from the pile of shavings, or whether defendant was also required to prove negligence in the manner of doing the work, for the reason that any presumption of due care, if it could have been indulged in the circumstances, was conclusively rebutted in the evidence.

The petition states that the pile of shavings was about forty feet high, with a precipitous face partially undermined, and was top-heavy from the accumulation of ice. The answer charged that plaintiff knew the condition of this pile, and, in loading his wagon negligently undermined it, thereby causing it to fall upon him. Now the record shows that the evidence tended to prove each of these facts, and it does not show that any evidence was offered tending to rebut any one of them. The evidence then shows conclusively that plaintiff was negligent in removing the shavings, and was guilty of contributory negligence if he had knowledge of the danger he incurred.

Under the evidence there was no error in giving the instructions complained of and the judgment is affirmed. All concur.