## CITY OF ANADARKO v. SWAIN et ux.

No. 3513.  Opinion Filed August 25, 1914.

(142 Pac. 1104.)

**NEGLIGENCE—Attractive Nuisance—Death of Child.** Where, in an action for damages for the death of their eight year old minor son, the plaintiffs show that the city maintained a public park within the corporate limits of the city of Anadarko, and had constructed within the boundaries of said park a settling basin or reservoir in connection with its waterworks system, and had placed a high wire fence around the base of the incline of said settling basin for the purpose of avoiding injuring the public, and the evidence further shows that, just prior to the death of said child, the agents and employees of the city removed a large portion of said fence, and negligently allowed the same to remain down for a long period of time, and during said time the minor son of the plaintiffs went into the park and on to the grounds used for waterworks purposes and was attracted to the reservoir by his curiosity and childish instinct and was drowned, **held,** that the child was upon the premises by express invitation, and the city owed to him the duty of using ordinary care to avoid injuring him while on the premises.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Caddo County;*
*J. T. Johnson, Judge.*

Action by John M. Swain and Addie L. Swain, his wife, against the city of Anadarko. Judgment for plaintiffs, and defendant brings error. Affirmed.

*Bristow & McFadyen,* for plaintiff in error.

*Louie E. McKnight* and *W. R. Wheeler,* for defendants in error.

Opinion by RITTENHOUSE, C. The only question necessary for a determination of this case is the duty a municipality owes to the public in maintaining its public parks and waterworks system. The maintenance of a public park in a populous city is not only an implied but an express invitation to the public to resort to it for amusement and recreation, and, where children of tender years and immature minds are invited to play and amuse themselves, the parents have a right to rely on the city to exercise reasonable or ordinary care to keep the park and waterworks system safe for the benefit of those who come there by such express invitation. It is said in Thompson on Negligence, sec. 968, that the owner of real property is under the duty of exercising reasonable or ordinary care and prudence to the end of keeping his premises safe for the benefit of those who come upon them by his invitation, express or implied; and if, through neglect of this duty, they are, without negligence or fault of their own, injured by reason of any negligent defect thereon, he must pay damages. *Oliver v. Worcester,* 102 Mass. 489, 3 Am. Rep. 485; *Bennett v. Louisville R. Co.,* 102 U. S. 577, 26 L. Ed. 235; *Diamond State Iron Co. v. Giles,* 7 Houst. (Del.) 557, 11 Atl. 189; *Welch v. McAllister,* 15 Mo. App. 492; *Atlantic Cotton Seed Oil Mills v. Coffey,* 80 Ga. 145, 4 S. E. 759, 12 Am. St. Rep. 244; *O'Donnell v. Patton,* 117 Mo. 13, 22 S. W. 903; *Harriman v. Pittsburgh R. Co.,* 45 Ohio St. 11, 12 N. E. 451, 4 Am. St. Rep. 507; *Carey v. Kansas City,* 187 Mo. 715, 86 S. W. 438, 70 L. R. A. 65; *Elam v. Mt. Sterling,* 20 L. R. A. (N. S.) 574, note; *Faurot v. Okla. Wholesale Gro. Co.,* 21 Okla. 104, 95 Pac. 463, 17 L. R. A. (N. S.) 136.

The evidence in this case shows that the city was the owner of a large public park, to which it had expressly invited the public for amusement and recreation, and the city had constructed within the boundaries of such park a waterworks system, which it maintained for the financial benefit of the city, and in the construction of the waterworks system had built and maintained a dangerous settling basin or reservoir, which was constructed of cement, the interior having a slope of at least 45 degrees, and which was filled with water and very deep. It became and was the duty of the city, under these circumstances, either to fence the reservoir, so that children attracted thereto by curiosity or childish instinct could not accidentally fall into it, or to give sufficient warning to protect them from injury. In the instant case, the city constructed a high wire fence around the base of the incline of the reservoir and placed signs at different points warning the public to keep out. This fence was maintained for several years; the city using ordinary care to protect the public from this dangerous reservoir. A few months before the 16th day of June, 1910, the agents and employees of the city removed a large portion of the fence around the reservoir and negligently allowed the fence to remain down, when on the 16th day of June, 1910, the eight year old minor son of plaintiffs went upon the premises, which were used as a park, and on which was constructed this dangerous and unprotected reservoir, and, being attracted thereto by its curiosity and childish instinct, was drowned therein. This cause was instituted and trial had upon the theory that the child was upon the premises by express invitation of the city, and that the city owed it the duty to use ordinary care in the construction and maintenance of its reservoir, so as to avoid injuring him. The contention of the city is that the child was either a bare licensee or a trespasser, and under the theory advanced in *A., T. & S. F. Ry. Co. v. Cogswell,* 23 Okla. 181, 99 Pac. 923, 20 L. R. A. (N. S.) 837, and *City of Shawnee v. Cheek,* 41 Okla. 227, 137 Pac. 724, the city was not liable for any damages, unless it was shown that it was guilty of willful or wanton negligence, and it requested the court to so instruct the jury, which was refused. There was no evidence offered which

would justify a holding that the child was a bare licensee or trespasser; he was upon the premises at the express invitation of the city for amusement and recreation; and it is not essential to a recovery in this case that the child so invited was there to transact business that would or would not be of a financial benefit to the city. One of the main purposes of instituting a system of public parks is to furnish a safe place for children to play, and the city owes to the public the duty of exercising reasonable or ordinary care to avoid injuring them.

The city owed to adults and children alike the duty of exercising ordinary care to avoid injuring them anywhere within the boundaries of the public park, and it cannot escape liability for the death of this child by drawing a distinction between the duties the city owed to the invitees at different points or portions of the park. The view we take of the case is that the city owed to this child and its parents the duty to exercise ordinary care to avoid injuring him, no matter on which portion of the park the child might resort to for play; and this question was fairly presented to the jury under proper instructions, and the jury found from the evidence that the city had failed to exercise that degree of care required.

There are numerous other questions urged as error, but, if error at all, they are harmless, and therefore will not be considered.

The cause should therefore be affirmed.

By the Court: It is so ordered.