DENNIS et al. v. SPILLERS et al.

No. 32714. July 1, 1947.

Rehearing Denied Oct. 21, 1947.

*185 P. 2d 465.*

John R. Woodard, of Tulsa, for plaintiffs in error.

W. E. Green, J. C. Farmer, Robert J. Woolsey, David H. Sanders, and Otho Flippo, all of Tulsa, for defendants in error.

DAVISON, V.C.J. This is an appeal from an order sustaining defendants' demurrer to plaintiffs' amended petition, and dismissing the case after plaintiffs' election to stand thereon. The parties will be referred to as they appeared in the trial court.

The plaintiffs were the parents of William D. Dennis, a seven year old child, who was drowned in an ornamental pond built by the defendants, partly on the premises occupied by them as a home and partly on an unused street adjacent thereto, in the city of Tulsa. Plaintiffs alleged that they were the parents and next of kin of the deceased; that the defendants were occupying certain lands owned by them and a portion of an adjoining street as a home, upon a part of both of which was a pond, 75 feet in diameter and approximately ten feet deep, with steep sides. That there was shrubbery around a part of the pond and also rock steps down into the pool over which water ran. That it was attractive to children and was in a thickly populated residential section of the city, was not fenced in, and was in close proximity to another pond or lake in a municipally owned park, which latter pond was enclosed with a strong fence; and was near a place where children often played. That in maintaining said pond the defendants were wantonly negligent and that decedent was attracted to and into said pond, where he was drowned, as the direct and proximate result thereof. That defendants were cognizant of the alluring and dangerous condition because of the fact that another child had been drowned there some nine years previously. The prayer was for actual and exemplary damages.

Certain parts of the petition were stricken by the trial court as irrelevant and redundant, on motion of defendants, and the general demurrer of the defendants sustained.

The plaintiffs urge that it was error for the trial court to strike those portions of the petition and also to sustain the demurrer thereto. We will treat and consider the petition, before any part was stricken, and if the same stated no cause of action, the striking of the various portions was immaterial. Defendants are liable for damages caused by their maintenance of the pond if they were guilty of negligence, or if they created an attractive nuisance. As to the question of actual negligence, in a case where the injured party was not an invitee of the owner of the prem-

312

ises, we settled the law in the case of City of Granfield v. Hammonds et al., 100 Okla. 75, 227 P. 140, as follows:

"Without an invitation, express or implied, no duty of active care arises. Neither silence, acquiescence, nor permission, however, standing alone, is sufficient to establish an invitation. A license may thus be created, but not an invitation. The infancy of the party injured does not change the situation."

The deceased herein was not an invitee of the defendants, nor was he on the premises with their knowledge. Therefore, there could be no liability upon the general negligence theory.

The law is equally as well settled by this court as to a pond constituting an attractive nuisance. The matter is thoroughly discussed and many citations collected in the case of City of Mangum v. Powell et al., 196 Okla. 306, 165 P. 2d 136. Therein we quoted from Peters v. Bowman, 115 Cal. 345, 47 P. 113, 598, 56 Am. St. Rep. 106:

". . . A body of water—either standing as in ponds and lakes, or running, as in rivers and creeks, or ebbing and flowing, as on the shores of seas and bays—is a natural object incident to all countries which are not deserts. Such a body of water may be found in or close to nearly every city or town in the land; the danger of drowning in it **is an apparent open danger, the knowledge of which is common to all** (emphasis ours); and there is no just view consistent with recognized rights of property owners which would compel one owning land upon which such water, or part of it, stands and flows to fill it up, or surround it with an impenetrable wall . . ."

In the instant case, there was no allegation that there was anything unusual about the pond or its surroundings or that there was any hidden danger constituting a trap. It is a very regrettable tragedy, where a child is drowned, yet the defendants cannot be held in damages unless they have violated some duty on their part.

Plaintiffs' brief discusses the proposition that the defendants had violated the law in using a part of the street for the pond. Such argument is not founded upon any allegation contained in the petition and is not, therefore, a part of the record.

The judgment is affirmed.

HURST, C.J., and RILEY, BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.