OSCN Found Document:BROWN v. DEMPSTER

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 BROWN v. DEMPSTER
2024 OK 17
Case Number: 119,569
Decided: 03/12/2024
THE SUPREME COURT OF THE STATE OF OKLAHOMA

Cite as: 2024 OK 17, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

STEPHANIE BROWN, surviving next of kin of JAXON DEAN COBLENTZ, deceased, Plaintiff/Appellant,
v.
JEREMY P. DEMPSTER, Defendant/Appellee.

ON CERTIORARI FROM THE COURT OF CIVIL APPEALS, DIVISION I

¶0 A mother seeks recovery from the loss of her minor child, who drowned when he fell into a neighbor's swimming pool. She alleged negligence against the owner of the swimming pool. The district court granted the property owner's motion for summary judgment, holding the owner did not owe a duty to the child. The mother appealed. The Court of Civil Appeals reversed the district court's judgment, concluding that it was a question of fact for the jury to decide as to whether the swimming pool was an attractive nuisance. This Court granted certiorari. We hold the swimming pool was not an attractive nuisance as a matter of law. However, a question of fact exists as to whether the owner is liable under ordinary premises liability law, precluding summary judgment in favor of the property owner.

COURT OF CIVIL APPEALS OPINION VACATED; 
DISTRICT'S COURT JUDGMENT AFFIRMED IN PART AND
REVERSED IN PART; REMANDED FOR PROCEEDINGS
CONSISTENT WITH THIS OPINION.

T. Luke Abel and Lynn B. Mares, Abel Law Firm, Oklahoma City, Oklahoma, for Plaintiff/Appellant.

Maurice G. Woods, II, Seth A. Caywood, and Don W. Danz, McAtee & Woods, P.C., Oklahoma, City, Oklahoma, for Defendant/Appellee.

Winchester, J.

¶1 Appellant Stephanie Brown (Brown), surviving next of kin of Jaxon Dean Coblentz, deceased, appeals a summary judgment in favor of Appellee Jeremy Dempster (Dempster). Five-year-old Jaxon Dean Coblentz (Jaxon) drowned after he fell into Dempster's swimming pool. The issue before this Court is whether the residential swimming pool was an attractive nuisance. We answer this question in the negative. The swimming pool at issue was not an attractive nuisance as there was no hidden or unusual element of danger in or near Dempster's swimming pool. However, a genuine issue of material fact exists to preclude summary judgment as to whether Dempster breached a duty owed to Jaxon under ordinary premises liability law.

FACTS AND PROCEDURAL HISTORY

¶2 Dempster lived on three acres in Osage County, Oklahoma, where he owned a residential swimming pool. Dempster did not have a fence around the perimeter of the swimming pool or his property. However, Dempster's house was outside the limits of any municipality, and there was no ordinance or statute requiring a fence around the swimming pool on his property.

¶3 Brown lived with Jaxon, two houses down from Dempster. Jaxon and his family were at a swimming pool party at Dempster's house approximately two to three weeks before Jaxon's death, and Dempster knew that young children lived with Brown. On July 19, 2019, Jaxon walked two houses down the street and entered onto Dempster's property. Jaxon fell into Dempster's swimming pool and drowned.

¶4 On December 20, 2019, Brown filed this lawsuit against Dempster, alleging negligence. On February 11, 2021, Dempster filed a motion for summary judgment, arguing that Brown could not establish negligence under the theory of negligence per se or the doctrine of attractive nuisance. Brown responded that disputed material facts precluded summary judgment.

¶5 The district court granted Dempster's motion for summary judgment, ruling that Brown could not establish negligence per se as a matter of law because the absence of an enclosure around the swimming pool did not violate any statute, ordinance, rule, or code provision.[1] The district court further concluded that the swimming pool was not an attractive nuisance as a matter of law. Brown appealed, and the Court of Civil Appeals reversed the district court's judgment, holding swimming pools are not excluded as a matter of law from the attractive nuisance doctrine. This Court granted certiorari.

¶6 We hold that the residential swimming pool at issue was not an attractive nuisance as a matter of law. However, a question of fact exists as to whether Brown can recover against Dempster under ordinary premises liability.

STANDARD OF REVIEW

¶7 Summary judgment resolves issues of law, and we review a district court's grant of summary judgment de novo. U.S. Bank, N.A. ex rel. Credit Suisse First Boston Heat 2005--4 v. Alexander, 2012 OK 43, ¶ 13, 280 P.3d 936, 939. Using the de novo standard, we subject the record to a new and independent examination without regard to the district court's reasoning or result. Gladstone v. Bartlesville Indep. Sch. Dist. No. 30, 2003 OK 30, ¶ 5, 66 P.3d 442, 446. The Court must draw all inferences and conclusions from the underlying facts contained in the record and consider them in the light most favorable to the party opposing the summary judgment. U.S. Bank, 2012 OK 43, ¶ 13, 280 P.3d at 939. If reasonable individuals could reach different factual conclusions under the evidentiary materials, summary judgment is improper. Id.

DISCUSSION 

I. Dempster's swimming pool was not an attractive nuisance.

¶8 Under common law, the duty owed by a property owner to an individual on the property without permission is of a lesser degree than to an individual who has permission to enter the property. However, the attractive nuisance doctrine creates an exception to this common law rule when children of tender years are attracted onto the property and thus brought into contact with a dangerous condition on the premises. Knowles v. Tripledee Drilling Co., Inc., 1989 OK 40, ¶ 3, 771 P.2d 208, 210. The doctrine operates to impose a higher duty of care on the property owner in this limited set of circumstances. Lohrenz v. Lane, 1990 OK 18, ¶ 10, 787 P.2d 1274, 1277. The attractive nuisance exception requires a balancing of society's interests in protecting children against the inherent right of a landowner in the enjoyment of his property. Id.

¶9 The application of the attractive nuisance doctrine is generally a question of fact because many different factors must be weighed and considered. Knowles, 1989 OK 40, ¶ 4, 771 P.2d at 210.[2] However, under the facts of this case, the district court properly decided that the residential swimming pool was not an attractive nuisance as a matter of law.

¶10 We have found in multiple cases that artificial bodies of water, much like residential swimming pools, are exempt from the attractive nuisance doctrine. See, e.g., Atchison, T. & S.F. Ry. Co. v. Powers, 1952 OK 165, ¶ 14, 234 P.2d 688, 690; Dennis v. Spillers, 1947 OK 208, ¶ 2, 185 P.2d 465, 465; City of Mangum v. Powell, 1946 OK 2, ¶ 11, 165 P.2d 136, 137. Our precedent regarding artificial bodies of water is in line with the Restatement (Second) of Torts § 339, which many states have adopted. The Restatement recognizes an exception to the attractive nuisance doctrine for those ordinary dangers, like water. Specifically, the Restatement notes:

There are many dangers, such as those of fire and water, or of falling from a height, which under ordinary conditions may reasonably be expected to be fully understood and appreciated by any child of an age to be allowed at large. To such conditions the rule stated in this Section ordinarily has no application, in the absence of some other factor creating a special risk that the child will not avoid the danger, such as the fact that the condition is so hidden as not to be readily visible, or a distracting influence which makes it likely that the child will not discover or appreciate it.

Restatement (Second) of Torts § 339 cmt. j (2023).

¶11 Similarly, in finding that the attractive nuisance doctrine did not apply to an artificial lake that caused a 10-year-old's death, our Court explained:

A pond of water, it may be conceded, is always attractive to youngsters; but the dangers connected with and inherent in a lake or pond of water, natural or artificial, are obvious to everybody--even to a child old enough to be permitted by its parents to go about and play unattended upon the streets or in the public parks. It would not conform to the dictates of common reason to say that a child of the age of eight years, or even much younger, does not know and fully realize that a fall into a pond of water or a deep reservoir would result in injury to him, if not in his death. But there is no necessity for abstract reasoning upon the proposition, for we think it thoroughly settled by the decisions that a pond of water, whether natural or artificial, is not to be included in the same class with turntables and other complicated machinery, the inherent dangers of which are not obvious to a child.

City of Mangum, 1946 OK 2, ¶ 11, 165 P.2d at 137. We then applied this holding to a manmade pond that was rectangular (much like a swimming pool in that it was 60 or 70 feet long, 20 to 25 feet wide, and up to 10 feet deep, with banks almost straight up and down) and concluded that the body of water was not an attractive nuisance. Atchison, 1952 OK 165, ¶¶ 4, 14, 234 P.2d 688, 689, 690.

¶12 Most relevant to our analysis here is Dennis v. Spillers, 1947 OK 208, ¶ 2, 185 P.2d 465, 465, which involved a seven-year-old who drowned in an ornamental pond. We held that the ornamental pond that was 75 feet in diameter, approximately 10 feet deep, and with steep sides was not an attractive nuisance. Id. The Court discussed how the ornamental pond had rock steps down into the pool and was attractive to children. It was in a populated residential section of the city, not fenced, near another pond that was enclosed with a fence, and near where children played. Id. In reaching its decision, the Court concluded:

In the instant case, there was no allegation that there was anything unusual about the pond or its surroundings or that there was any hidden danger constituting a trap. It is a very regret[t]able tragedy, where a child is drowned, yet the defendants cannot be held in damages unless they have violated some duty on their part.

Id. ¶ 7, 185 P.2d at 466.

¶13 The same is true of the residential swimming pool at issue here. The pool was constructed like a normal residential pool and equipped with the usual swimming pool accessories. Although attractive to children, it was not a nuisance or unusual. The pool had no condition that masked the inherent danger of a body of water. In the absence of such a condition, the district court properly concluded that Dempster's swimming pool was not an attractive nuisance.

¶14 The district court relied on Lofton v. Green, 1995 OK 109, 905 P.2d 790, in granting summary judgment to Dempster on the question of attractive nuisance. The Lofton Court upheld a jury verdict on negligence per se without answering the question of whether the swimming pool, wherein a 6-year-old drowned, was an attractive nuisance. The Lofton Court noted that we have never held a private residential swimming pool to be an attractive nuisance, but it did not conclude that we would never allow the instruction on attractive nuisance in a subsequent case involving a swimming pool. Id. ¶ 2, 905 P.2d at 791 Today, we again do not rule out the possibility that there could be a factual situation that would allow the jury to decide whether a swimming pool was an attractive nuisance.

¶15 We follow other jurisdictions that have allowed the attractive nuisance doctrine in cases where the owner constructed the swimming pool to constitute a trap or it had some unusual element of danger not existent in swimming pools generally. See, e.g., Cazort v. Garner, 644 S.W.3d 452, 458 (Ark. Ct. App. 2022); Banks v. Mason, 132 So.2d 219, 222 (Fla. Dist. Ct. App. 1961); Mozier v. Parsons, 887 P.2d 692, 698 (Kan. 1995); Ausmer v. Sliman, 336 So.2d 730, 731 (Miss. 1976). 

¶16 For example, the Kansas Supreme Court determined that swimming pools are generally not attractive nuisances as a matter of law, with the court noting that it could not rule out the remote possibility that there could be a highly unusual and aggravated factual situation that might support consideration of the attractive nuisance doctrine. Mozier, 887 P.2d at 698.

¶17 Similarly, an Arkansas appeals court concluded that bodies of water, natural or artificial, do not constitute an attractive nuisance in the absence of any unusual element of danger and a swimming pool should be treated no differently. Cazort, 644 S.W.3d at 458. The Mississippi Supreme Court also held that the attractive nuisance doctrine does not extend to swimming pools except where the pool contains a hazard that is hidden or concealed and is not likely to be found and avoided by a child. Ausmer, 336 So.2d at 731.

¶18 Finally, a Florida appeals court held that a swimming pool was not an attractive nuisance in the absence of any evidence that the swimming pool was a trap or a latent danger. Banks, 132 So.2d at 222. The court further explained that a trap or danger does not include steep banks that are found in natural bodies of water or a straight-sided pool. Id.

¶19 We continue to adhere to our precedent in Oklahoma and elsewhere and hold the doctrine of attractive nuisance does not apply to artificial bodies of water, including swimming pools, that have no hidden or unusual element of danger. Because the residential swimming pool in this case had no hidden or unusual element of danger, we conclude that it was not an attractive nuisance.

II. A question of fact exists as to whether Dempster is liable under ordinary premises liability law. 

¶20 Determination of the attractive nuisance question, however, does not completely resolve the issue of whether summary judgment was proper. Even in the absence of the attractive nuisance doctrine, Dempster still had a duty to Jaxon either as a trespasser, licensee, or invitee. Pickens v. Tulsa Metro. Ministry, 1997 OK 152, ¶ 9, 951 P.2d 1079, 1083.[3] A landowner owes different duties depending on the status of the injured person. Id. at ¶ 10, 951 P.2d at 1083.

¶21 Brown contends that Jaxon was a licensee based upon an implied invitation from Dempster to the minor to use the swimming pool. In the alternative, Brown alleges that even if the minor was a trespasser, Dempster's conduct in failing to secure a barrier around the pool when there were fencing materials present on the property was negligence or wanton disregard for the safety of others. Dempster responds that Jaxon, alone, walked two houses down the street in a rural neighborhood to Dempster's house and entered onto his property as a trespasser.

¶22 Material questions of fact exist as to the events that caused this tragic death (e.g., why the 5-year-old was walking by himself two houses down the street to Dempster's house when Dempster had an unfenced pool) and whether Dempster breached any duty owed to Jaxon. A point articulated by the Kansas Supreme Court in determining liability in a case involving a minor's death in a swimming pool is instructive here: "A higher degree of care for the protection of a trespassing child should not be imposed on a property owner than is expected of a parent or custodian." Mozier, 887 P.2d at 697. We conclude there are facts sufficient to take Brown's case to a jury in the absence of the attractive nuisance doctrine. Instructing on ordinary premises liability will allow the jury to evaluate all the surrounding circumstances in determining liability.

CONCLUSION

¶23 Our natural tendency is to want to help ease the suffering of the parents who lose a child; the drowning of a child of tender years is a tragedy. In determining a claim of legal responsibility for such a tragedy, it is difficult to resist the temptation to substitute sentiment for law and reason. We must not determine this case based on sympathy, which we all acknowledge exists. Apache State Bank v. Daniels, 1911 OK 490, ¶ 42, 121 P. 237, 245 (noting that the Court should not permit sympathy to decide rulings). Under the applicable legal principles and facts of this case, the attractive nuisance doctrine does not apply to Dempster's residential swimming pool. However, there are material questions of fact as to whether Brown can recover under ordinary premises liability law. The district court's judgment on

the question of attractive nuisance is affirmed. However, we reverse and remand for a jury trial on Brown's claim for ordinary premises liability.

COURT OF CIVIL APPEALS OPINION VACATED; 
DISTRICT'S COURT JUDGMENT AFFIRMED IN PART AND
REVERSED IN PART; REMANDED FOR PROCEEDINGS
CONSISTENT WITH THIS OPINION.

KAUGER, WINCHESTER, EDMONDSON, COMBS, GURICH (by separate writing), DARBY, and KUEHN, JJ., concur.

ROWE, V.C.J. (by separate writing) and HUDSON, S.J., concur in part and dissent in part.

KANE, C.J., recused.

FOOTNOTES

[1] We do not address the rulings by the district court and the Court of Civil Appeals on Brown's claim of negligence per se. The district court's interlocutory ruling on that claim remains intact.

[2] The Court in Knowles set forth the factors that must be considered when determining whether the attractive nuisance doctrine applies to a specific factual situation:

1) how uncommon the instrumentality is;
2) how unusually dangerous the instrumentality is;
3) how attractive the instrumentality is;
4) the probability of children coming into contact with the instrumentality;
5) whether the probability is so localized that harm can be avoided, or whether the probability is such that there is no indication of when and where the contact will occur;
6) how feasible it is to avoid danger of harm;
7) how great is the burden of avoiding the harm;
8) the effect of placing such a duty on a party; and
9) whether the child has an apparent intelligence and consciousness of the circumstances such that she/he could reasonably appreciate the danger or the lack of right to tamper with the instrumentality so that the duty to protect should not be imposed.

Id. ¶ 3, 771 P.2d at 210.

[3] For example, the Oklahoma Uniform Jury Instruction (Civil) 11.7 addresses the duty to children in the absence of the attractive nuisance doctrine. It states as follows:

If you determine that [Plaintiff] was a trespasser and [he/she] has not proven all the elements under the attractive nuisance doctrine, then the [owner/occupant] of premises had no duty to make the premises safe for [him/her]. However, the [owner/occupant] of premises did have a duty not to injure [him/her] by a willful, wanton, or intentional act, if the [owner/occupant] knew or reasonably should have known of [his/her] presence on the premises.

OUJI (Civil) No. 11.7.

In the absence of an instruction on the attractive nuisance doctrine, the duty of care owed by the landowner to a child is that of a trespasser, unless the child falls under either the licensee or invitee classification. We note that the child is not a trespasser exposed to criminal liability or exposed to civil liability based upon the child's own negligence. See, e.g., OUJI (Civil) No. 9.4. The child is only considered a trespasser in the technical sense to determine what duty of care is owed by the landowner when a child enters upon a landowner's property without permission. 76 O.S.2021, § 80(C).

 

 

GURICH, J., with whom Kauger, Edmondson, and Combs, JJ., join, concurring specially

¶1 Today the majority opinion concludes that under the facts of this case, the Defendant's swimming pool cannot be classified as an attractive nuisance. However, the opinion does not eliminate the attractive nuisance doctrine as a vehicle for establishing a landowner's duty to protect young children who are unable to appreciate the inherent dangers associated with swimming pools. This is significant. Although I believe all questions surrounding application of the attractive nuisance doctrine should be reserved for consideration by the factfinder,[1] I join the majority decision because the opinion remands the case back for a jury to consider the other causes of action asserted by plaintiff, including the question of ordinary negligence.[2]

¶2 A young child cannot be considered a trespasser if they are unable, because of their age, to discern whether it is appropriate to enter another's property--which is precisely what the doctrine of attractive nuisance was designed to address. See e.g., Kopczynski v. Barger, 887 N.E.2d 928 (Ind. 2008) ("The purpose of the attractive nuisance doctrine is to protect children from dangers which they do not appreciate.") (reciting Restatement (Second) of Torts § 339 cmt. m (1965)) (internal quotations omitted). Rooted in the common law, the attractive nuisance doctrine is an exception to the notion that a property owner owes no duty to a child trespasser other than to refrain from causing willful, wanton, or intentional harm. Knowles, ¶ 3, 771 P.2d at 209-10. In Cheek, we explained the rationale behind imposing a duty on landowners for dangerous, artificial conditions inherently attractive to trespassing children:

[W]e see no sufficient reason why a landowner should not, at least, be deemed in duty bound to make reasonably safe any obviously dangerous, artificial, and attractive condition on his premises, which in character is clearly different from common and well-known dangerous natural conditions, especially when he is able to do so at little or no cost, and without appreciable impairment of his beneficial use of the same, in all cases in which his failure to do so involves reckless disregard for the safety of children of tender years, especially children under 7 years of age, or, in the absence of evidence of capacity to be guilty of contributory negligence, under 14 years of age, as a person of ordinary prudence must anticipate will probably be attracted to and may come in contact with and be injured by such dangerous conditions. Is it anything less than wantonness for a landowner, with actual knowledge of such dangerous, artificial, and attractive conditions of his premises, and of facts from which, as a reasonably thoughtful person, he must know that merely technical, if not unconscious, trespassers in the persons of children living or accustomed to congregate or be nearby may come in contact with and he seriously injured by such dangerous conditions, to abstain from removing the danger of such conditions, especially if he is able to do so at little or no cost, and without appreciable impairment of his beneficial use of the premises?

Cheek, ¶ 14, 137 P. at 732. The purpose of this legal principle is to place a duty on landowners to child trespassers; undoubtedly because a young child can neither form the requisite intent to trespass on property nor grasp the potential dangers associated with an artificial hazardous condition.

¶3 The Oklahoma Uniform Jury Instructions detail the material facts a jury must weigh to find a landowner liable under the attractive nuisance doctrine:

In some circumstances, an [owner/occupant] of premises may have a duty to exercise ordinary care to protect children who trespass on [his/her/its] premises from injury. If you find that [Plaintiff] was injured while trespassing on [Defendant's] land, then in order for [Plaintiff] to recover you must find all of the following to have been established:

1. The injury was directly caused by [describe the artificial condition] maintained by [Defendant] on the premises;

2. The condition was unusually attractive to children;

3. [Plaintiff] was attracted onto the premises by the condition;

4. The condition created an unreasonable risk of injury to children, which [Defendant] knew, or, as a reasonably careful person, should have known;

5. [Plaintiff] lacked the ability to appreciate or realize the risk; and

6. [Defendant] failed to exercise ordinary care to protect [Plaintiff] from injury.

OUJI-CIV No. 11.5 (2d. ed. June 2018).[3] I believe this instruction is a sufficient safeguard to enable jurors to make an educated decision when presented with the facts in each particular case. Obviously, young children will be naturally drawn to swimming pools, particularly when they include implements such as slides, diving boards, or other features designed to make a pool more enticing. Dempster even recognized the importance of securing the perimeter of his swimming pool, as the record demonstrates he had acquired fencing materials but had not yet completed installation.

¶4 As noted by the majority, we have previously declared that ponds, whether natural or artificial, do not amount to an attractive nuisance in the absence of hidden dangers. Lohrenz v. Lane, 1990 OK 18, ¶ 11, 787 P.2d 1274, 1277; Atchison, T & S.F. Ry. Co. v. Powers, 1952 OK 165, 243 P.2d 688, 690-91 (artificial pond not attractive nuisance). But cf. City of Anadarko v. Swain, 1914 OK 381, 142 P. 1104 (affirming jury verdict for child drowning in public park reservoir unprotected because of fence removal). However, ponds are distinguishable from swimming pools, because ponds are often utilitarian; for example, many are used to hydrate livestock and require open access. See Lohrenz, ¶ 14, 787 P.2d at 1278 ("A clear distinction can be drawn between the dangers of a steep-sided swimming pool, normally associated and in close conjunction with a residence, and a pond such as involved in the present case, located in a rural area and serving as a water source for livestock"). Similarly, it is impractical to put up barriers around rivers, lakes, or naturally occurring ponds. See City of Mangum v. Powell, 1946 OK 2, ¶ 12, 165 P.2d 136, 137 (1946) (noting the impracticability of surrounding naturally occurring bodies of water with an impenetrable wall).

¶5 On the other hand, a swimming pool is purposely constructed for recreation, and by its very design is intended to draw individuals to enter the body of water. Young children without an understanding of the potential danger are particularly susceptible.[4] This Court has previously considered the fatal drowning of a young child in a neighbor's swimming pool. However, the Court's majority opinion[5] declined to consider whether swimming pools are excepted from the attractive nuisance doctrine, because the plaintiff successfully recovered on another legal theory. Death of Lofton v. Green, 1995 OK 109, ¶¶ 6-8, 905 P.2d 790.[6]

¶6 The majority opinion in this case sets out circumstances where a cause of action based on attractive nuisance should be submitted to the jury. Although the majority determined that the decision of the trial court on the attractive nuisance claim should be affirmed, it is clear that the trial court erroneously concluded that a swimming pool could never, as a matter of law, constitute an attractive nuisance.

FOOTNOTES

[1] Arguably, when the facts are viewed in a light most favorable to the non-moving party, reasonable persons could reach differing opinions on application of the attractive nuisance doctrine, which requires that the question be submitted to a jury. Knowles by and through Knowles v. Tripledee Drilling Co., Inc., 1989 OK 40, ¶ 4, 771 P.2d 208, 210. This Court initially adopted the attractive nuisance doctrine in City of Shawnee v. Cheek, 1913 OK 739, ¶ 14, 137 P. 724, 732.

[2] As the majority notes in the opinion, the plaintiff has alleged the minor child was a licensee and not a trespasser. Regardless of the child's status on the property, the question is still one for the factfinder. See OUJI-CIV No. 11.4 (duty to trespasser) and 11.13 (duty to licensee).

[3] Instruction 11.5 is very similar to the language in Section 339 of the Restatement of Torts (Second), which reads:

A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if

(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and

(b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and

(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and

(d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and

(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children.

[4] Other jurisdictions are split on whether the attractive nuisance doctrine is inapplicable, as a matter of law, to residential swimming pools. See, e.g., Louis A. Lehr, Jr., 2 Premises Liability 3d § 40:12 (West) (2023 ed.); Robin Cheryl Miller, Annotation, Liability of Owner of Private Residential Swimming Pool for Injury or Death Occasioned Thereby, 64 A.L.R.5th 1 (1998). However, in cases involving swimming pools unprotected by a barrier or fencing, courts have concluded that the doctrine is properly a question for the factfinder. For example, the Wisconsin Supreme Court held that an "insufficiently guarded swimming pool maintained in a residential area may be inherently dangerous to a child four years of age," and the question of attractive nuisance was to be decided by a jury. McWilliams v. Guzinski, 237 N.W.2d 437, 439 (1976). See also King v. Lennen, 348 P.2d 98, 101 (Cal. 1959) (holding the facts showed no adequate fencing and limited safeguards so the matter was a question for a jury); Giacona v. Tapley, 428 P.2d 439, 442-43 (Ariz. Ct. App. 1967) (affirming a jury verdict based on the attractive nuisance doctrine when a child drowned in a neighborhood pool because the defendants failed to erect adequate fencing); Simmons v. Whittington, 444 So.2d 1357, 1360-1361 (La. Ct. ApP.2d. 1984) (reasoning that a backyard pool with no enclosure shows a lack of reasonable care on the part of the property owner, and upholding a lower court judgment predicated on the attractive nuisance doctrine).

[5] The dissent suggested "a residential swimming pool which meets the test outlined in the Restatement (Second) of Torts § 3391 is an attractive nuisance." Green, 1995 OK 109, ¶ 1, 905 P.2d at 793-94 (Kauger, V.C.J. dissenting). In addition, the dissent noted that the majority opinion should not be read in a way that implied swimming pools are completely insulated from the attractive nuisance doctrine. Id.

[6] The case was submitted to jurors on the issue of whether the neighbor/defendant's failure to install a functioning self-closing/self-latching gate on the surrounding fencing violated a city ordinance, and was, therefore, negligence per se. The jury found the Greens liable based on the theory that their fence did not comply with the requirements of the city ordinance, but also determined Ms. Lofton was equally negligent for failing to supervise her son. On appeal, this Court affirmed. In this case, the trial court determined that there was no cause of action for negligence per se, because the Dempster pool was not located within the city limits. That determination is affirmed by the majority, and I agree. The facts of this case provide the possibility of considering the comparative negligence between the landowner and the parents.

 

 

ROWE, V.C.J., with whom HUDSON, S.J. joins, concurring in part, dissenting in part:

¶1 I concur with the majority that, absent a hidden or unusual element of danger, the residential swimming pool in this case is not an attractive nuisance. I respectfully dissent, however, that a jury determination as to premises liability is necessary in this case.

¶2 In an ordinary premises liability case, our threshold inquiry is the status of the entrant because the property owner's liability varies with the entrant's status. Brown v. Nicholson, 1997 OK 32, ¶ 6, 935 P.2d 319, 321. "Entrants onto real property fall into three categories: trespasser, licensee and invitee. . . . The determination of entry status is critical in a premises liability case because the duty of care the property owner must exercise expands or contracts based on the entrant's status." Pickens v. Tulsa Metropolitan Ministry, 1997 OK 152, ¶¶ 9-10, 951 P.2d 1079, 1083. Under the Trespasser Liability Limitation statute, the child in this instance falls within the definition of a trespasser. 76 O.S. § 80(B)(2) ("A land possessor may be subject to liability for physical injury or death to a child trespasser from a highly dangerous artificial condition on the land. . ."). A trespasser is an individual who enters the property of another without the express or implied permission of the property owner. 76 O.S. § 80(C). Though the child here could be considered no more than a technical trespasser due to his tender age, we must nonetheless treat the child as a trespasser and not a licensee.

¶3 Generally, a property owner has no statutory duty to make the premises safe for a trespasser, except to refrain from harming them willfully, wantonly, or intentionally. 76 O.S. §80(A); Lohrenz v. Lane, 1990 OK 18, ¶ 10, 787 P.2d 1274, 1277. Our jurisprudence instructs wantonness is the equivalent to gross negligence and "an act or omission involving a reckless indifference to the safety of reasonably anticipated technical trespassers, such as children of tender years, although without intent to injure, may be wanton." Lohrenz, ¶ 16, 787 P.2d at 1278. Brown asserts that Dempster's alleged negligence in not securing his swimming pool against child trespassers reflects a wanton disregard for the safety of others. Nevertheless, this case lacks evidence suggesting that the lack of fencing around a residential swimming pool constitutes wantonness, given the absence of any statutory ordinance, rule or code provision mandating Dempster to do so. Without any facts demonstrating Dempster acted with reckless indifference or wantonness, the trial court's determination that no duty was breached by Dempster stands as the correct conclusion.

¶4 Alternatively, Brown argues that the child should be considered a licensee since his presence should have been anticipated by Dempster. "Licensee status is accorded to those individuals who enter onto another's land for his or her own benefit, interest or pleasure under such circumstances that the landowner is presumed to be aware of the person's presence there." Brewer By and Through Brewer v. Independent School Dist. No. 1, 1993 OK 17, ¶ 18, 848 P.2d 566, 571. Property owners owe "the duty to use ordinary care with regard to any defects or conditions in the nature of hidden dangers which were known or should have been known to the [property owner]." Id. In support of this argument, Brown states that Dempster should have reasonably anticipated the child's presence since the pool was close to the child's home, the child had used the pool in the past--which she argues created an implied invitation that the child could use the pool--and the pool was visible from the road.

¶5 Even if the child in this case was deemed to be a licensee, there was no hidden danger on Dempster's property and no evidence indicating Dempster failed to use ordinary care--there is no question of fact that would require resolution by a jury. As held by the majority, Dempster's pool "was constructed like a normal residential pool and equipped with the usual swimming pool accessories. . . [there was] no condition that masked the inherent danger of a body of water." Majority Op., ¶ 13. Given that there is no reason Dempster would be aware of the child's presence and there was no hidden danger, there are no facts indicating the child is a licensee or that Dempster breached a duty.

¶6 Applying the law and our extant jurisprudence to these facts, it is my view that the outcome is the same regardless of whether the child is categorized as a trespasser or a licensee, and that the trial court correctly sustained the motion for summary judgment. This case presents a heart-wrenching tragedy, and while I take no satisfaction in dissenting from the Court's decision to remand this matter for a jury trial, I believe it is what the law requires.

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
1989 OK 40, 771 P.2d 208, 60 OBJ 673, 
Knowles By and Through Knowles v. Tripledee Drilling Co., Inc.
Discussed at Length

 
1913 OK 739, 137 P. 724, 41 Okla. 227, 
CITY OF SHAWNEE v. CHEEK
Discussed

 
1914 OK 381, 142 P. 1104, 42 Okla. 741, 
CITY OF ANADARKO v. SWAIN
Discussed

 
1990 OK 18, 787 P.2d 1274, 61 OBJ 571, 
Lohrenz v. Lane
Discussed at Length

 
1993 OK 17, 848 P.2d 566, 64 OBJ 661, 
Brewer By and Through Brewer v. Independent School Dist. No. 1
Discussed

 
1947 OK 208, 185 P.2d 465, 199 Okla. 311, 
DENNIS v. SPILLERS
Discussed at Length

 
1997 OK 32, 935 P.2d 319, 68 OBJ 992, 
Brown v. Nicholson
Discussed

 
1952 OK 165, 243 P.2d 688, 206 Okla 322, 
ATCHISON, T. & S.F. RY. CO. v. POWERS
Discussed at Length

 
1946 OK 2, 165 P.2d 136, 196 Okla. 306, 
CITY OF MANGUM v. POWELL
Discussed at Length

 
1995 OK 109, 905 P.2d 790, 66 OBJ 3299, 
Death of Lofton v. Green
Discussed at Length

 
2003 OK 30, 66 P.3d 442, 
GLADSTONE v. BARTLESVILLE INDEPENDENT SCHOOL DISTRICT NO. 30
Discussed

 
2012 OK 43, 280 P.3d 936, 
U.S. BANK, N.A. v. ALEXANDER
Discussed at Length

 
1997 OK 152, 951 P.2d 1079, 68 OBJ 4087, 
PICKENS v. TULSA METROPOLITAN MINISTRY
Discussed at Length

 
1911 OK 490, 121 P. 237, 32 Okla. 121, 
APACHE STATE BANK v. DANIELS
Discussed

Title 76. Torts

 
Cite
Name
Level

 
76 O.S. 80, 
Safety of Land or Premises - Liability to Trespasser - Child Trespasser
Discussed at Length

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA